JAMES RICHARDSON, Plaintiff in Error,

vs.

MOSES W. EMERSON, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF DANE COUNTY.

Where several persons are engaged in the doing of an illegal act, and acting for a common illegal purpose, the acts of one become the acts of all, and all are severally liable for those of each other.

But when several persons are engaged in the accomplishment of a lawful object, if one or more shall become a tort-feasor, even with a view to aid such purpose, the others who neither direct nor countenance such tortious acts, are not liable.

Where the common purpose is unlawful, the law presumes the assent of all those engaged in its accomplishment to the several acts done by each; but otherwise, where the common purpose is lawful.

Where the owner of land on one side of a stream builds a dam across such stream, extending the timbers and abutments of which thirty feet upon the land, upon the opposite side, without title or license, the owner of such land may lawfully remove such timber therefrom.

The facts in this case, so far as they are necessary for the appreciation of the opinion of the court, are contained therein.

*H. S. Orton,* for plaintiff in error.

*Hood & Wait,* for defendant in error.

*By the Court,* SMITH, J.  This was an action of trespass, *quare clausum fregit,* brought in the court below, by the defendant in error, and others, against the plaintiff in error and others, where a verdict and judgment were rendered against the defendant, James Richardson, for $359 and costs.

The record shows that the alleged trespass consisted

in the removing of a portion of a dam, built across the stream of water in said county, called the Catfish.

From the bill of exceptions, it appears that the dam in question is built in part on the land of the defendant Richardson; that the western boundary line of Richardson's land is on 'or near the eastern margin of the stream, and that the timber works, &c., of the dam, extend across the stream and about 20 or 30 feet on to the land of Richardson. The latter with a number of others acting with him, attempted to remove that portion of the dam which was built upon his own land. While the work of removing was in progress, two persons, unknown to the witness or witnesses, went across the dam, to the west side, and raised the gates of the flume, in order to draw off the water, as was supposed. There is no evidence that they did so by the direction of Richardson or of any one else.

After the evidence was closed, the judge instructed the jury, among other things, as follows :

That if the jury find that the two persons unknown to the witness, who went to the flume and raised the gates, had been engaged with others in removing the east end of the dam, by the direction of Richardson, and did so raise the gates to aid that work, then Richardson and all the other persons engaged in removing the dam, were jointly liable, with the two persons who actually raised the gate." To this instruction the counsel for the defendant excepted.

We cannot hold the instruction correct as a proposition of law. It is true, when several persons are engaged in the doing of an illegal act, acting for a common illegal purpose, then the acts of any, become the acts of all, and all are equally and severally liable for

the acts of each and all. But where several persons

are engaged in the accomplishment of a lawful object, if one or more shall become a tort-feasor, even with a view to aid such purpose, the others, who neither direct nor countenance such tortious acts, are not liable. All the circumstances of the transaction are very proper to be submitted to a jury, that the latter may find the fact whether or not the others assented. But the law does not presume such assent when the common purpose is lawful.

A private citizen has a right to abate a nuisance, and to engage assistance for the accomplishment of that object. But if, while working together for such common, lawful purpose, one or more commits a trespass, the others are not liable, unless they in some manner assent. Where the common design is unlawful, the law presumes such assent, but where it is lawful, such assent is a matter of fact to be proved. For instance, a number of persons agree together, and attempt to pull down a neighbor's house ; each one is liable for the acts of the other, done in accomplishment of such common design. But if I employ a number of persons to pull down my own building, and while so engaged, one or more go upon the land of my neighbor and cut down trees, with a view to aid in the work, I am not liable, unless I direct, assent to, or ratify the act. 2 *Greenl. Ev.* § 641; 2 *Stark. Ev.* 610 ; 11 *East*, 544, 811; 2 *Phillips Ev* § 95; 3 *Stark. Ev. p.* 6 ; 4 *C. & P.*, 375 ; *M. & M. N. C.* 501.

The distinction here pointed out, seems to have been overlooked. The instruction seems to have been based, either upon the assumption that the act of Richardson and others in removing the dam was

22

unlawful, or that whether unlawful or not, the law would presume his concurrence in, or direction of the act of the two unknown persons in raising the gates. But the act of Richardson in removing the east end of the dam was not *per se* unlawful. If he owned the land on which thirty feet of the dam was built, he had, *prima facie*, a right to remove that portion of it. His ownership or right to the possession of the land, was a fact to be established, on which the lawfulness of his acts and those acting with him depended.

It does not appear necessary to discuss the other questions raised by the case, and therefore we have not felt called upon to enter into an exposition of the law upon which their determination depends. We are all of the opinion that the Circuit Court erred in the instructions first given to the jury, and that the judgment is therefore erroneous.

Judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings according to law.