ALBERT L. RICHARDSON *vs.* EUNICE PAYNE.

An officer's return upon an execution given him to be levied upon land, set forth that he had appointed two appraisers, " the creditor having neglected, after notice, to appoint," and that he had delivered seisin to the creditor in full satisfaction of the execution. In a writ of entry by the creditor to obtain possession, *Held*, that the levy was void, the officer having no authority by Rev. Sts. c. 73, § 3, (Gen. Sts. c. 103, § 3,) to appoint for the creditor; and that as in appointing he had not assumed to be the creditor's agent, his act was not ratified by the creditor's acceptance of seisin.

WRIT OF ENTRY. In the Superior Court the case was submitted upon an agreed statement of facts. The demandant claimed title under a levy of an execution in his favor against

Henry A. S. D. Payne, made March 31, 1859. The material portion of the officer's return upon the execution was as follows " By virtue hereof, I this day seized the real estate described in the certificate of the appraisers hereto annexed, and caused three disinterested and discreet men to be sworn as appraisers, to wit : A. Todd, who was appointed by the within named Henry A. S. D. Payne, the debtor, and A. N. Shepard and Sumner Richardson, who were both appointed by me, the within named Albert L. Richardson, the creditor, having neglected, after notice, to appoint." The return, after setting forth the appraisement and the setting off of the land, concluded : " And I this day levied this execution upon said real estate, described as aforesaid, and delivered seisin and possession thereof to the said Albert L. Richardson, the creditor, to hold to him, his heirs and assigns forever, in full satisfaction of this execution, as appears by his receipt hereon, and so I return this execution wholly satisfied."

Judgment was ordered for the tenant, and the demandant appealed.

*L. Marrett,* for the demandant.

*G. Stevens & W. H. Anderson,* for the tenant.

COLT, J. We can see no way to support the demandant's levy. By the requirements of the statute, Rev. Sts. *c.* 73, § 3, one of the appraisers must be appointed by the creditor, one by the debtor, and the third by the officer who levies the execution. If the debtor neglects to appoint, the officer shall appoint one for him. No authority is given to the officer to appoint one for the creditor.

In this case the sheriff returns that one of the appraisers was appointed by the debtor, and the other two by himself, the creditor having neglected, after notice, to appoint one. The officer had no right under the statute to do this. When the debtor exercises his right to appoint, the power of the sheriff to appoint more than one does not arise.

It is argued that this unauthorized act was ratified and confirmed by the subsequent act of the creditor acknowledging the receipt of seisin and possession in full satisfaction of the execution. But the difficulty is, the return here shows that the act

of appointing two appraisers was an official act of the sheriff as much as when he appoints under the statute for a debtor who neglects to do it. The language of the return shows that he did not assume to act as the agent or attorney of the creditor, but in his official capacity, and under the supposition, no doubt, that he was acting as the statute required. So far from acting as the agent of the creditor, he expressly declares that the creditor had neglected to appoint an appraiser.

The appraisal of the land to be taken is the important step in making the levy. It must be conducted in conformity to the substantial requirements of the statute. And it is no answer to say that in this particular case we cannot see that the rights of the lebtor were injuriously affected.

*Judgment for the tenant.*