## PAUL RUSSO *vs.* SALVATORE MARESCA.

Third Judicial District, Bridgeport, April Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The action of the trial court in finding, or in refusing to find, certain facts from conflicting evidence, will not be reviewed by this court on appeal.

The society of which the defendant was president, at a regular meeting over which he presided, voted to cause an answer to a newspaper article reflecting upon it to be written by one of its members and published in another newspaper, and to appropriate $5 for that purpose. At this time no one contemplated that such answer would contain any libelous matter. Thereupon the defendant, with other members of the society, saw the editor of the newspaper in which the answer was to be printed, and informed him of the society's

action. The answer as written and published proved to be libelous, and in an action therefor it was *held* that these isolated facts did *not necessarily and as matter of law* render the defendant liable; especially in view of the court's finding, based on competent evidence, that the defendant did not authorize or participate in the publication of the libelous article.

An act or transaction can be ratified only by the person on whose behalf it was assumed to be done or entered into. Accordingly it was *held* in the present case that the defendant's official action in signing an order upon the society's treasurer for the $5 to pay for printing the answer, after he knew its libelous character, could not constitute a ratification upon his part, inasmuch as neither the writer nor publisher of the answer acted, or professed to act, on behalf of the defendant, but solely for the society.

*Argued April 18th—decided June 8th, 1899.*

ACTION for libel, brought to the Superior Court in New Haven County and tried to the court, *Prentice, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings and findings of the court. *No error.*

The court found the following facts : 1. The plaintiff is, and on April 18th, 1896, was, a member of the bar of New Haven county, a banker and broker, and the editor and publisher of an Italian newspaper called the *Stella d'Italia.* 2. The plaintiff's said newspaper had, prior to April 12th, 1896, contained an article reflecting upon an Italian society in New Haven, known as the *Concordia.* 3. The defendant was president of said society. 4. On April 12th, 1896, at a meeting of said society, the defendant presiding, it was voted to cause an answer to said article published in the plaintiff's newspaper aforesaid, to be published in another Italian newspaper published in New Haven and known as the *Pro Patria*, and to pay for such publication the sum of $5, which was appropriated for the purpose. 5. There was no evidence that those who participated in said meeting contemplated that said answer was to contain any improper or libelous matter ; and I so find. 6. The answer so voted to be published had not at the time of said vote been written. It was understood or voted that a member, one Dr. D'Elia, should write it. 7. Immediately after said meeting the defendant, in company with other

Russo v. Maresca.

members of the society, saw the editor of the *Pro Patria*, and informed him of the action of the society. 8. Said D'Elia prepared said answer, being the article complained of, and signed it with the name of the defendant as president, and the same appeared in the edition of the *Pro Patria* of April 18th, 1896. 9. The use of the defendant's name appended to said article was wholly unauthorized by the defendant, and without his knowledge or consent. 10. The defendant had no share in writing said article, was not consulted with respect to it or its contents, and had no knowledge of its contents, or expectation that it was to contain libelous or improper matter, or any attack upon the plaintiff. His first knowledge of the character or contents of the article was obtained after its publication, and when a copy of the paper was shown to him. 11. It was the duty of the defendant, as president of said society, under its by-laws to sign, in conjunction with other officers thereof, all orders upon the treasurer for the payment of money. 12. In compliance with this duty, and in pursuance of the vote of said society as aforesaid, the defendant as such president, and in conjunction with other officers, signed an order for $5 to the publisher of said *Pro Patria*, in payment for the publication of said answer, as authorized by said vote. 13. The defendant never caused, instigated, or had any part in the publication of said alleged libelous article, nor did he after the publication thereof ratify or approve its publication, or have any intention of so doing.

" The plaintiff claimed that the defendant was responsible for said publication, by reason of his acts prior thereto, as above set forth, and by reason of his acts subsequent thereto in signing said order as aforesaid, after he had received full knowledge of the nature and character of the publication, it being claimed that such action on his part amounted to a ratification by him of the publication. The court ruled and found otherwise, and rendered judgment as on file."

The plaintiff filed a written motion to correct the finding in certain respects, which motion the court denied.

The reasons of appeal are based upon the action of the trial

court in overruling the claims of the plaintiff as set forth in the finding, and in denying his motion to correct the finding.

*Levi N. Blydenburgh*, for the appellant (plaintiff).

*Philip Pond, 2d*, for the appellee (defendant).

TORRANCE, J. The reasons of appeal based upon the refusal of the court to correct the finding, may be laid out of the case. They are all founded upon the action of the trial court in finding or in refusing to find certain facts upon conflicting evidence. Under such circumstances the finding as made must stand. *Atwater* v. *Morning News Co.*, 67 Conn. 504; *Thresher* v. *Dyer*, 69 id. 404; *Hygeia Distilled Water Co.* v. *Hygeia Ice Co.*, 70 id. 516.

In the court below it seems to have been assumed by all concerned that the article complained of constituted a libel, and for the purposes of the present discussion this assumption will be regarded as correct. The important question in the case is whether or not the defendant is responsible for libel. Upon the facts found, the plaintiff claimed, in effect, (1) that the defendant, by his conduct before the publication of the libel, had so authorized or participated in its publication as to be responsible for it; (2) that by his conduct after publication he had become responsible for it by ratification.

The finding of the court is conclusive against the first claim. Upon this part of the case it must be remembered that the person who wrote and the person who published the libel were, in doing these things, the agents, not of the defendant, but of the *Society Concordia*. The finding, based so far as appears upon competent and sufficient evidence, is to the effect that the defendant did not in any way authorize nor take part in the preparation or publication of the libel. The society, of which the defendant was president, at a regular meeting over which he presided, voted to cause an answer to a certain newspaper article to be published in a designated newspaper, and to pay for such publication the sum of $5, which was then appropriated for that purpose, and that one

of its designated members should write the answer. At this time the answer had not been prepared, and no one contemplated that it was to contain any improper or libelous matter. Immediately after the meeting the defendant, in company with other members of the society, saw the editor of the newspaper in which the answer was to be printed, and informed him of the action of the meeting. These two acts, namely, presiding at said meeting, and informing the editor of the action of the meeting, comprise all that the defendant did prior to the publication of the libel.

The claim of the plaintiff on this part of the case seems to be that these two things being true, then as matter of law the defendant authorized and participated in the publication of the libel. This claim is not well founded. The court has properly found as matter of fact that the defendant had no share in writing the answer, was not consulted about it, had no knowledge of its contents, and no expectation that it was to contain libelous matter or any attack upon the plaintiff. This being so, the two further facts found as aforesaid do not of themselves and as matter of law show that the defendant authorized or participated in the publication of the libel.

After the libel was published, and after the defendant had full knowledge of its nature and character, he, as president of the society, with others of its officers, signed an order upon the treasurer of the society in payment for the publication of the libel. The plaintiff claimed that this act amounted in law to a ratification on the part of the defendant, and made him responsible for the publication of the libel; and the remaining question in the case is whether this claim is well founded.

Where one person does any act on behalf of another person, the subsequent ratification by such other person of such act is in law equivalent to his having previously authorized it. That the principle of ratification applies to torts, as well as to contracts and other acts and transactions, is well settled; the general rule being that the principal may ratify any act which he could have authorized. "An act done, *for another*, by a person, not assuming to act for himself, but for

such other person, though without any precedent authority whatever, becomes the act of the principal, if subsequently ratified by him. . . . In that case the principal is bound by the act, whether it be for his detriment or his advantage, and whether it be founded on a tort or a contract, to the same extent as by, and with all the consequences which follow from, the same act done by his *previous* authority." *Wilson* v. *Tumman*, 6 M. & G. 236, 242; *Hilbery* v. *Hatton*, 2 H. & C. 822; *Dempsey* v. *Chambers*, 154 Mass. 330; *Morehouse* v. *Northrop*, 33 Conn. 380, 389. But an act or transaction can only be ratified by the person on whose behalf it was assumed to be done or entered into. If *A* assumes to do an act on his own behalf, or on behalf of *B*, the act cannot be ratified by *C*. The rule is stated by LORD COKE in the 4th inst., 317, as follows : " He that receiveth a trespasser and agreeth to a trespass after it be done, is no trespasser, unless the trespass was done to his use, or for his benefit, and then his agreement subsequent amounteth to a commandment, for in that case, *omnis ratihabitio retrotrahitur et mandato æquiparatur*." Where *A* knowingly received from *B* a chattel which *B* had wrongfully seized, and *A* afterwards refused to give it up, it was held that *A* did not thereby become a joint trespasser with *B* unless the chattel was seized to *A's* use. *A* in doing what he did may have committed another tort, but did not make himself liable for *B's* tort. *Wilson* v. *Barker*, 4 B. & Ad. 614. Where a colonel of a volunteer corps made a contract professedly on behalf of the corps, both he and the other contracting party erroneously thinking that the corps as an entity might be bound, it was held that the contract could not be ratified by individual members of the corps, because it was not made on their behalf as individuals. *Jones* v. *Hope*, 3 T. L. R. 247, note. See also, to the same effect: *Wilson* v. *Tumman*, *supra ; Hamlin* v. *Sears*, 82 N. Y. 327 ; *Western Pub. House* v. *Dist. Township of Rock*, 84 Iowa, 101 ; *Richardson* v. *Payne*, 114 Mass. 429 ; *Smith* v. *Lozo*, 42 Mich. 6 ; *Grund* v. *Van Vleck*, 69 Ill. 478 ; Cooley on Torts, 127. The well settled rule then is that if *A* professes to act for *B* in what he does, *C* cannot by an attempted ratification take advantage

of the act done, nor can he ratify it so as to become liable on it.

Applying this rule in the case at bar, the defendant could not ratify the act of Dr. D'Elia in preparing the libel, nor of the editor in publishing it. In what they did neither of them acted on behalf of the defendant, nor did they profess to do so. In all they did concerning the libel they acted and professed to act only for the *Concordia Society*. If what they did had resulted in great benefit to the society, it is clear that the defendant could not by any attempted ratification have taken that benefit to himself; and it is equally clear that he cannot by what he did make himself liable for the burden which their act may have cast upon the society and themselves.

There is no error.

In this opinion the other judges concurred.