### GARNETT v. ATOKA STATE BANK et al.

No. 14242—Opinion Filed March 4, 1924.

Rehearing Denied June 17, 1924.

1. Libel and Slander—Action Against Bank Members of State Association—Insufficiency of Petition.

In an action against a group of state banking corporations to recover damages for the alleged wrongful publication of a libel, a petition which charges that the defendant banks were members of a partnership, association, or group of corporations confederated and combined together for conducting and carrying on certain business activities for the common benefit of all the members thereof, under the name and style of the "State Bankers Association of Oklahoma," whose agent and secretary wrongfully composed and published a libelous article against the plaintiff, and which fails to allege that the defendant banks united or conspired with the partnership or its secretary in the wrongful publication thereof, and which fails to allege that the defendants had any previous knowledge of the publication or that they wrongfully aided, abetted, assisted, advised, or encouraged the publication thereof, fails to state a cause of action against the individual banks and will not be sustained against a general demurrer and motion to dismiss.

2. Same

Record in the instant case examined, and held, that the trial court did not err in sustaining the demurrer interposed by the defendants to the petition of the plaintiffs, and in dismissing the action.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Charles H. Garnett against the Atoka State Bank et al., to recover damages for libel. Judgment for defendants, and plaintiff appeals. Affirmed.

Charles H. Garnett, for plaintiff in error.

J. I. Howard, and Rittenhouse & Rittenhouse, for defendants in error.

Opinion by FOSTER, C. Charles H. Garnett, plaintiff in error, plaintiff below, sued C. K. Boardman and about 400 state banks in the state of Oklahoma in the district court of Oklahoma county to recover damages for the alleged wrongful publication of a libel.

Service of summons was never obtained upon C. K. Boardman, and only about 87 of the defendant banks were finally served with summons, and the cause proceeded against the various individual state banks which had been served with summons, the defendants in error here.

The parties will be referred to as they appeared in the court below.

From a judgment of the trial court sustaining the defendants' demurrer and motion to dismiss the petition, the plaintiff appeals, and assigns as error the action of the trial court in sustaining the demurrer and dismissing his petition.

It is the contention of the defendants that the petition does not state any facts which make them liable for the publication of the libel complained of.

It is alleged that all of the state banks of Oklahoma, including the defendants other than C. K. Boardman, where members of a partnership, association, or group of persons or corporations associated, confederated, and combined together for conducting and carrying on certain business activities and enterprises and accomplishing certain business purposes for the common benefit of all the members thereof under the name and style of the "State Bankers Association of Oklahoma"; that one of the business activities for which all of the said banks had combined and associated themselves together under the name of the State Bankers Association of Oklahoma was the editing, printing, publishing, and distributing of a certain magazine called "The State Banker", and described as a journal devoted to agriculture, commerce, and finance in Oklahoma, and that as members of the said State Bankers Association had employed C. K. Boardman as secretary thereof, in charge of its business and affairs, including the editing and publishing of said magazine, and that the said Boardman, as a part of the

duties of his employment as agent, employe, and secretary of the members of said State Bankers Association of Oklahoma, composed, edited, published, printed, and distributed through the mails the said magazine containing an alleged libelous, false, malicious, and unprivileged defamatory publication which exposed the plaintiff to public hatred, contempt, and ridicule, and tended to deprive him of public confidence and to injure him in his occupation.

It seems clear to us that the language of the petition will admit of no other conclusion than that Boardman was the employe of the State Bankers Association, and whether that association was a copartnership or some other form of confederation, Boardman was the agent and employe of that association and not the agent and employe of the individual banks as separate corporate entities, and that it was in his capacity as agent and employe of all the state banks of Oklahoma, organized and doing business under the name and style of the State Bankers Association of Oklahoma, that he edited, printed, and published the libelous article complained of.

If we are correct in this conclusion, it follows without argument that Boardman could not be the agent of the defendant banks individually. Johnston et al. v. Brown, 18 La. 330.

If the defendant banks are not liable individually because they are members of a copartnership or association, whose agent wrongfully published a libelous article against the plaintiff, it is logical to say that such individual banks could not be liable at all unless by some distinct and wrongful act of their own they contributed to the injury complained of.

It is not contended and the petition fails to show that any of the defendant banks published the libelous article; that they had any previous knowledge of its publication, or that they wrongfully aided, abetted, assisted, advised, or encouraged the publication thereof.

It is true that the defendant banks may have been benefited, and may have profited at least indirectly, by the publication of the magazine referred to, but it is not contended that the mere publication of the magazine as a journal devoted to the legitimate interests of the banks holding membership in the Oklahoma State Bankers Association was wrongful, and the facts that the individual banks may have defrayed the expenses of the publication, including the expenses of the publication of the libelous article complained of, could not amount to a ratification which would make them liable.

The case of Russo v. Moresca (Conn.) 43 Atl. 552, was a case in which the defendant was president of a society organized by some Italian emigrants in this country, and that there had been a certain article published in an Italian paper in the city of New Haven, Conn., which this society felt ought to be answered, and the society, presided over by the defendant, voted to answer the same through another Italian paper published in the same city, and designated one of the members of the society to write the article. He prepared the article which was published, but defendant, as president of the society, did not know or contemplate that the answering article would contain any libelous matter. The party writing the article signed the defendant's name to the same, by reason of the fact that he was president of the society. After the publication of the libelous article to which his name was signed as president, and with knowledge on his part of the contents, the defendant, as president of the society, signed an order on the treasurer in payment of the printing fees for the publication of the article. The court held that the defendant was not primarily liable and that the signing of the order on the treasurer after the knowledge on his part of its contents, did not constitute a ratification which would make him liable.

To make an individual a tort-feasor and liable jointly with another, there must be some concert or unity in the wrong doing, and the injury must be in some way due to their joint work. Strauhal v. Asiatic Steamship Co. (Ore.) 85 Pac. 230.

In 26 R. C. L., at page 767, it is said:

"* * * But where two or more are acting lawfully together in the furtherance of a common lawful purpose, one is not liable for the unlawful act of another, done in furtherance of the common purpose, without his concurrence * * *"

--citing Wert v. Potts, 76 Ia. 612, 41 N. W. 374; Richardson v. Emerson, 3 Wis. 319, 62 A. M. Dec. 694.

In 26 R. C. L., at page 763, it is said:

"* * * But where several persons act separately and independently, and not in concert, one is not liable for all the damage suffered by another by their separate torts. * * *"

The general rule deducible from all the authorities seems to be that if several distinct acts from several persons have contributed to a single injury, but without concert or unity in the wrong doing, there is no joint liability. City v. Moffit (Ind.) 39 N. E. 909, 54 Am. St. Rep, 522.

If it be conceded that the Oklahoma State Bankers Association and their agent, C. K. Boardman, are liable for the publication of the alleged libelous article, the mere fact that the defendant banks as separate corporate entities may have contributed to the injury in so far as they were interested in the legitimate publication of the magazine but without any conscious or wrongful participation in the specific wrong complained of could not make them liable as joint tort-feasors.

Since the defendant banks could not be liable individually for the wrongful conduct of an agent of the copartnership, known as the State Bankers Association of Oklahoma, of which they were members, in the publication of the libelous article complained of, and since the petition fails to state facts showing that the defendants aided, assisted, advised, or participated in the publication of said libelous article by the State Bankers Association other than their interest in the benefits to be derived from the legitimate publication of the magazine the petition in our judgment fails to show any liability whatever on the part of the defendants in this case.

There is no allegation or charge that the formation of the partnership known as the State Bankers Association of Oklahoma was part of a conspiracy on the part of the individual banks to publish the alleged libel complained of.

The authorities cited by plaintiff in error in his brief to the effect that a corporation is liable for the commission of a tort committed by the corporation or its authorized agent has no application to the situation here presented where a group of bank corporations form themselves into a partnership or combination and employ a person as the servant of such copartnership to edit and publish a magazine containing libelous matter not authorized by the individual banks, and of which they had no previous knowledge or information.

We are therefore of the opinion that the trial court did not err in sustaining the demurrer to plaintiff's petition and in dismissing his action.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.