Note.—See under (1) 29 Cyc. pp. 1177, 1189 (1926 Anno). (2) 29 Cyc. p. 1261 (1926 Anno). (3) 38 Cyc. p. 1711.

---

**HAMMOND, Adm'r, v. KANSAS, O. & G. R. CO.**

No. 15236—Opinion Filed March 17, 1925.

1. **Railroads—Liability for Negligent Operation by Another of Motor Car on Tracks.**

Where a railway company permits another company to run a motor car upon a portion of its tracks, it is liable for any want of care in the operation of the motor car and may be sued therefor as though said motor car were its own.

2. **Same—Liability of Lessor Railroad not That of Joint Tort-Feasor—Effect of Settlement by Plaintiff with Lessee Company.**

In an action brought against a lessee of a railroad to recover damages alleged to have resulted from the negligent operation of the lessee, no negligence of the lessor being alleged or proven as concurring with that of the lessee in inflicting the injury, the liability of such lessor must be measured by the rule of respondeat superior, and not by that governing joint tort-feasors; and where it is shown that the lessee acknowledged liability and made settlement for the injury inflicted, the lessor is thereby discharged from liability for the same injury.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by S. E. Hammond against the Kansas, Oklahoma & Gulf Railway Company for damages. Judgment for defendant, and plaintiff appeals. Affirmed.

Caruthers & Irwin, for plaintiff in error.

John E. M. Taylor, Fred R. Davis, and Hummer & Foster, for defendant in error.

Opinion by PINKHAM, C. This was an action brought by S. E. Hammond, administrator of the estate of C. E. Brown, deceased, for damages for the death by wrongful act, as alleged in plaintiff's petition, against the Okmulgee Northern Railway Company, and the Kansas, Oklahoma & Gulf Railway Company, both doing business in the state of Oklahoma as common carriers.

The original petition was against the Okmulgee Northern Railway Company, but by leave of court and amendment to the petition was filed making the Kansas, Oklahoma & Gulf Railway Company codefendant, the substance of the amendment being that by reason of it being the owner of said right of way, trackage, and roadbed and lessor thereof, 'the said Kansas, Oklahoma & Gulf Railway Company was, as a matter of law, justly liable with the Okmulgee Northern Railway Company for the alleged wrongful killing of plaintiff's intestate."

A few days prior to the trial of the case the Okmulgee Northern Railway Company compromised and settled the cause of action alleged in plaintiff's petition against it for the sum of $7,500.

This settlement was in writing and reserved to plaintiff the right to proceed against the Kansas, Oklahoma & Gulf Railway Company.

On the day of the trial the court permitted the defendant to file an amended answer, the substance of which was: First, an admission of its corporate existence and that it owns the line of railroad in question; second, a denial that it owns and maintains jointly with the Okmulgee Northern Railway Company any road bed, right of way, trackage. or other equipment for the carrying of both freight and passengers along the place where the plaintiff's intestate is alleged to have been killed, and further pleading that because of the settlement of said alleged cause of action the plaintiff is barred from maintaining his suit against the defendant, Kansas, Oklahoma & Gulf Railway Company.

To this amended answer plaintiff filed a reply, which, in effect, amounts to a formal denial of new matter.

The lower court, in view of the settlement with the Okmulgee Northern Railway Company, dismissed the case against that company. leaving the Kansas, Oklahoma & Gulf Railway Company the only defendant.

After the plaintiff had introduced his evidence upon the issues joined by the pleadings between the plaintiff and the defendant, the trial court sustained a demurrer to the evidence, which was interposed by the Kansas, Oklahoma & Gulf Railway Company.

From the judgment of the lower court sus-

taining the demurrer to the plaintiff's evidence an appeal has been perfected by the plaintiff to this court.

The parties will be referred to as they appeared in the lower court.

Counsel for plaintiff state that the principal questions in this case can be disposed of under the first and seventh assignments of error; that is, error of the lower court in overruling the motion for a new trial; and in sustaining defendant's demurrer to the evidence.

Counsel for plaintiff say, in their very able and exhaustive brief, that the central question of this case is "What effect did the compromise and settlement of the suit as to the Okmulgee Northern have upon the cause of action as against the defendant, Kansas, Oklahoma & Gulf Railway Company, or reducing the proposition to a generality, the vital point of contention can be fairly stated, we believe, as the old question: Does compromise with one tort-feasor release the joint tort-feasor?"

It is the contention of plaintiff that the two railway companies, the Okmulgee Northern and the Kansas, Oklahoma & Gulf, were joint tort-feasors, and decisions of this court and of the courts of other jurisdictions are cited to the effect that an acknowledgment by the plaintiff of satisfaction against one of two defendants sued as joint tort-feasors will not relieve the other unless such instrument shows that it was intended to have such effect (Bland v. Lawyer-Cuff Co,, 72 Okla. 128, 178 Pac. 885).

The cases cited announce the rule applicable to the facts of those cases, and the decisive question in the instant case, as we view it, is whether the two railway companies were joint tort-feasors.

We conclude, from an examination of the evidence adduced on the trial, that the two railway companies were not joint tort-feasors, and therefore the cases cited by plaintiff, based upon that relation, are not applicable to the instant case.

"To make tort-feasors liable jointly there must be some sort of community in the wrongdoing and the injury must be in some way due to their joint work, but it is not necessary that they be acting together or in concert if their concurring negligence occasions the injury." Strauhal v. Asiatic S. S. Co. (Ore.) 85 Pac. 230; Cleveland, C. C. & St. L. Ry. Co. v. Hilligoss (Ind.) 86 N. E. 485, 1. c. 487; Reynolds v. Metropolitan St. Ry. Co et al. (Mo. App.) 168 S. W. 221, 1. c. 223; Consolidated Ice Machine Co. et al. v. Keifer (Ill.) 25 N. E. 799; Brown v. Town of Louisberg (N. C.) 36 S. E. 166;

Garnett v. Atoka St. Bank, 100 Okla. 2, 227 Pac. 142, 26 R. C. L. 767.

To make persons joint tort-feasors, concert of action and common intent and purpose are generally necessary (Valparaiso v. Moffit, 12 Ind. App. 250, 54 Am. St. Rep. 522), though all who aid, command, advise, or countenance the commission of a tort by another are liable in the same manner as when they do it with their own hands (Moir v. Hopkins, 16 Ill. 313, 63 Am. Dec. 312).

There is no dispute as to the material facts. The Okmulgee Northern Railway Company was operating a motor car owned by it carrying passengers over a portion of the track of defendant railway company under an oral agreement for the privilege of which it paid to the defendant a monthly rental of $450 to $600. The motorman in charge of the car at the time of the accident was the sole employe of the Okmulgee Northern and not the defendant. In crossing a long trestle more than 200 feet in length on the right of way of the defendant company the motorman of the Okmulgee Northern, running the car at a speed of from 15 to 20 miles an hour, at dusk, struck and killed deceased, who was walking across the trestle.

It is not contended that the defendant in any way participated in any act or acts of the Okmulgee Northern or its motorman or other employe which caused or resulted in the injury, and there was no concurrent act or acts of negligence on the part of defendant which, in any way, contributed to the injury.

There is no suggestion in the record of any wrongful act or omission on the part of the defendant company in any manner even remotely connecting it with the unfortunate accident which resulted in the death of plaintiff's intestate.

In view of these facts the liability of the defendant company could not be based upon the relation of joint tort-feasors

Assuming that the Okmulgee Northern Railway Company, through its motorman, was negligent, and that such negligence was the primary or proximate cause of the death of plaintiff's intestate, the defendant company would only be secondarily liable on the principle of respondeat superior, or the liability of the principal for the acts of his agent.

The cases cited and followed in the case of Midland Valley R. R. Co. v. Toomer, 62 Okla. 272, 162 Pac. 1127, cited by plaintiff, rest the liability of the lessor company for

the negligence of the lessee company upon the ground of principal and agent.

In the syllabus in the Toomer Case it is stated that whenever a railway company, by long continued silence and acquiescence, leads the public to believe and to act upon the belief that any principal or corporation, assuming to exercise its franchise, or any portion thereof, with knowledge on the part of the officers and agents of the company, has the consent of such company so to do, "it may be compelled to respond in damages to third persons, acting upon such belief, in whose favor a cause of action may arise from injuries, brought about at the particular time of the injuries, either by the immediate negligence of the company, or by the negligent acts of those in whom apparent authority existed to exercise the franchise or franchises. Such silence and acquiescence of the company goes to the question of negligence as well as to that of agency."

Cases decided by the Supreme Court of Illinois are cited with apparent approval in the opinion. In the case of Anderson v. West Chicago R. R. Co. (Ill.) 65 N. E. 717, the Cicero & Proviso Street Railway Company was the lessor and the West Chicago R. R. Company was the lessee of the railroad on which the accident occurred. The court stated, with respect to the two companies "that each of the two railway companies was liable for an injury resulting from the negligent operation of the road, and sustained the relation of principal and agent, is conclusively settled."

Applying the rule announced in the Toomer Case to the facts of the instant case, the liability of the defendant company does not rest upon the relation of joint tort-feasors, but upon that of principal and agent.

The case of City of Tulsa v. McIntosh, 90 Okla. 50, 215 Pac. 624, cited by the plaintiff, was a case of joint negligence on the part of the contractors and the city of Tulsa, the former because they left a tool chest containing blasting powder and dynamite caps unfastened in the street near the play ground of the school which the plaintiff attended; the city, because it exercised supervision of the work through its inspectors, was negligent in permitting them to do so. The contractors were guilty of misfeasance and the city of nonfeasance, and the negligence of both caused the plaintiff's injury.

The city contended that the contractors' relation to the city was that of "independent contractors," which would have relieved the city from liability.

In the opinion denying this contention it is said:

"Though the court believes that no strict rules can be pronounced which shall constitute a conclusive test of the relation between the parties, we are satisfied, without a doubt, that such broad powers as are given the city in the contract in evidence are irreconcilable with the idea of an independent contractor in its present import; and we are therefore compelled, from the terms of the contract in evidence, to treat the relation between the defendants below as that of master and servant."

While the relation of master and servant existed the city and the contractors, under the facts of that case, were joint tort-feasors and were so held by this court.

After a judgment of $25,000 had been rendered against both contractors and the city and while the case was pending on appeal the plaintiff settled with the contractors for a sum less than the full amount of the judgment. This was held not to release the city with respect to the balance of the judgment, which remained unpaid.

In the opinion on rehearing, it was held that the amount of damages became liquidated when the judgment was rendered, and that the acceptance of a less amount from one of the judgment debtors would not release the other joint tort-feasor.

The case is not applicable to the instant case, where the relation of joint tort-feasors does not exist.

Conceding the rule contended for by the plaintiff as to joint tort-feasors, we think that in a case where it clearly appears from the evidence that the defendant company was not a joint tort-feasor with the company committing the negligent act, the liability of the defendant company is dependent upon the relation of principal and agent or master and servant. In other words, the doctrine of respondeat superior is applied in such case and the release of the one who committed the tort inures to the benefit of the principal.

We conclude that the rule to be deduced from the facts of this case is that in an action brought against a lessee of a railroad to recover damages alleged to have resulted from the negligent operation of the lessee, no negligence of the lessor being alleged or proven as concurring with that of the lessee in inflicting the injury, the liability of such lessor must be measured by the rule of respondeat superior, and not by that governing joint tort-feasors; and where it is shown that the lessee acknowledged liability and

made settlement for the injury inflicted. the lessor is thereby discharged from liability for the same injury.

We think the demurrer to plaintiff's evidence was properly sustained. and the judgment of the trial court should be affirmed.

By the Court : It is so ordered.