RADFORD–SHELTON AND ASSOCIATES DENTAL LABORATORY, INC., an Oklahoma Corporation, Appellant,

v.

SAINT FRANCIS HOSPITAL, INC., Appellee.

No. 48619.

Court of Appeals of Oklahoma, Division 1.

July 13, 1976.

Rehearing Denied Aug. 24, 1976.

Certiorari Denied Feb. 28, 1977.

Released for Publication by Order of Court of Appeals March 3, 1977.

Rizley, Prichard, Ford, Norman & Reed, Tulsa, for appellant.

Jones, Givens, Brett, Gotcher, Doyle & Bogan, Inc., Tulsa, for appellee.

BOX, Judge:

An appeal by Radford-Shelton and Associates Dental Laboratory, Inc., defendant in the trial court, from an order sustaining a demurrer to its "third-party complaint" against appellee, Saint Francis Hospital, Inc.

The principal question raised by this appeal is whether a tortfeasor who negligently caused an injury to the plaintiff can prosecute a third-party claim for contribution against a medical attendant, not previously joined in the action, who negligently aggravated the initial injury in the course of treatment.

I.

Charlsie Mae Crook (plaintiff), an employee of Radford-Shelton Dental Laboratory (Radford), was injured on June 14, 1972, when the laboratory pressure pot that she was using suddenly exploded. Plaintiff was immediately transported to the Saint Francis Hospital (St. Francis) and treated for multiple injuries, including an injury to her right hand. Not long after her release plaintiff was again admitted to St. Francis for additional treatment of her right hand. Following surgery, she brought suit against Radford, alleging that her injuries were caused by its negligence.

Radford denied any negligence on its part and filed a third-party action against St. Francis, alleging malpractice in the treatment of the injuries to plaintiff's hand and seeking contribution, indemnity or subrogation for any damages assessed against it which were attributable to the negligence of St. Francis. The trial court dismissed the third-party action on the motion of St. Francis and Radford brought this appeal.

## II.

Radford is seeking to bring St. Francis into the litigation as a third-party defendant on the ground that St. Francis is liable over to Radford for any judgment that the plaintiff recovers against it. Radford urges that a defendant in a personal injury action has a right to implead and recover from a third party who was responsible for aggravating the plaintiff's injuries, under the doctrines of contribution, indemnity or subrogation. St. Francis, on the other hand, contends: (1) that any right of action Radford has against it cannot properly be joined in this action; (2) that Radford has no standing to sue St. Francis for damages arising from the injuries of plaintiff; and finally, (3) that Radford's third-party complaint does not state a cause of action.

■ We turn to consider first the procedural objections to Radford's third-party claim. It is appropriate to note at the outset that this case comes before us on the pleadings and that since the trial court sustained a demurrer to the third-party claim, all facts well pleaded therein will be taken as true. *Chastain v. Parkhurst,* Okl., 473 P.2d 239.

## III.

The contention that Radford's third-party claim cannot properly be joined with plaintiff's action is based upon the fact that the torts allegedly committed by St. Francis and Radford were successive rather than joint. That is, the injuries plaintiff allegedly suffered were caused by the independent, and consecutive negligent acts of St. Francis and Radford. Since the torts were independent rather than joint, St. Francis contends, it is axiomatic that they cannot be joined in this litigation. *Atlantic Refining Co. v. Pack,* 198 Okl. 447, 180 P.2d 840. This argument ignores the statute specifically designed to permit joinder of third-party claims. Under 12 O.S.1971, § 323 a defendant may assert a claim against a new party to the litigation where: (1) his claim arose out of the transaction or occurrence that is the basis of the plaintiff's action and (2) both his claim and the plaintiff's claim contain common questions of fact. See *Chicago, Rock Island & Pacific R. Co. v. Davila,* Okl., 489 P.2d 760; Fraser, *The New Oklahoma Joinder Statutes,* 34 Okla.B.A.J. 2199 (1963). Radford's third-party action easily meets these requirements. Radford's claim, in essence, is that St. Francis aggravated the injuries to plaintiff's hand and that because Radford might be held liable for these injuries, it has a cause of action against St. Francis for what it might have to pay plaintiff. Its claim for "liability-over" obviously involves the same transaction or occurrence that is the basis of the plaintiff's action and common questions of fact are presented.

■ St. Francis' contention that Radford lacks standing to prosecute the third-party action is based upon the statute which proscribes assignment of personal injury claims. 12 O.S.1971, § 221. We are unable to see how that statute has any application to this case. Certainly Section 221 can no longer be regarded as a barrier to the transfer of a cause of action by subrogation. *Aetna Casualty & S. Co. v. Associates Transports, Inc.,* Okl., 512 P.2d 137. Nor does Section 221 present any obstacle to a defendant's attempt to bring a third-party claim for contribution or indemnity; these claims are wholly independent of the plaintiff's cause of action for tort—they are merely claims for the damages that the defendant suffers because he is held legally responsible for the aggravation of the initial injury. See generally W. Prosser, Law of Torts §§ 50, 51 (1971); Comment, *Contribution Among Tortfeasors: The Need for Clarification,* 8 John Marshall J. P & P 75 (1974).

We conclude, then, that there are no procedural obstacles to Radford's third-party claim. The question that remains is whether Radford in fact has a substantive claim for "liability-over" against St. Francis.

## IV.

There are a number of competing theoretical justifications for allowing a defendant in Radford's position to prosecute a third-party claim for liability-over. Some courts have adopted one theory, some another. But whatever the justification advanced, nearly every court which has considered this question has allowed the third-party claim. See cases collected in Annot., 8 A.L.R.3d 639 (1966).

The majority of courts rely upon the doctrine of equitable indemnity to justify recovery by the initial tortfeasor from a doctor or other medical attendant who aggravates the injury. See, e. g., *Herrero v. Atkinson*, 227 Cal.App.2d 69, 38 Cal.Rptr. 490, 8 A.L.R.3d 629, noted in 34 U.Cin.L. Rev. 113 (1965). This right to indemnification is said to arise from the status of the parties as a matter of law. A few other courts permit recovery-over on the basis of the doctrine of subrogation. These courts reason that the initial tortfeasor ought to be subrogated to the rights of the plaintiff against those who aggravated the injury. See, e. g., *Rezza v. Isaacson*, 13 Misc.2d 794, 178 N.Y.S.2d 481; *Clark v. Halstead*, 276 App.Div. 17, 93 N.Y.S.2d 49. Still another court allows recovery-over on the basis of a doctrine of "equitable apportionment" or "partial indemnity." *Gertz v. Campbell*, 55 Ill.2d 84, 302 N.E.2d 40 (Ill.).

Unfortunately the use of these different equitable doctrines to justify the same result has engendered a great deal of needless confusion. The root cause of the confusion is the troublesome rule against contribution between joint tortfeasors. Many states, including Oklahoma, continue to deny contribution between joint tortfeasors. See e. g., *National Trailer Convoy, Inc. v. Okla. Turnpike Authority*, Okl., 434 P.2d 238. In an effort to pay deference to this rule and yet allow a tortfeasor who initially caused an injury to recover over from another who subsequently aggravated the injury, the courts have thought it necessary to resort to a number of equitable doctrines not readily adaptable to such a fact situation. We are of the opinion that it is unnecessary and unduly confusing to transmute traditional concepts of indemnity and subrogation to permit such recovery. Instead, the initial tortfeasor ought to be afforded the right to recover from the subsequent tortfeasor under the equitable doctrine of contribution. The rule against contribution between joint tortfeasors poses no obstacle to allowing this remedy because the initial tortfeasor and the subsequent tortfeasors are not *joint* tortfeasors.

The problem of apportioning damages among tortfeasors becomes clearer when we distinguish between the three kinds of tortfeasors:

*Joint tortfeasors*—those who have acted intentionally or in concert to injure a third party. See *Hammond v. Kansas, O & G Ry. Co.*, 109 Okl. 72, 234 P. 731, 732. *Concurrent tortfeasors*—those whose independent, negligent acts combined or concurred at one point in time to injure a third party. See W. Prosser, Law of Torts § 52 (1971); Comment, supra at 94. *Successive tortfeasors*—those whose independent, negligent acts, although severable in point of time, caused injury to the same third party. See, e. g., *Gertz v. Campbell*, supra; Comment, supra at 94.

Radford and St. Francis stand in the position of successive tortfeasors, not joint tortfeasors. No concert in the conduct of Radford and St. Francis is alleged. Furthermore, the purported injuries were severable in point of time and neither had control over nor an opportunity to guard against the acts of the other. The wrongs allegedly done to plaintiff, moreover, arose from violations of different duties owed by Radford and St. Francis. Under these circumstances it is clear that Radford and St. Francis cannot properly be viewed as joint tortfeasors. Accordingly, we agree with

the majority of courts that the rule against contribution has no application to the separate wrongs of the initial tortfeasor and the subsequent tortfeasor. E. g., *Herrero v. Atkinson,* supra; *Stuart v. Hertz Corp.,* 302 So.2d 187 (4th D.C.A.Fla.), noted in Comment, 27 Univ. of Fla.L.Rev. 889 (1975); *Gertz v. Campbell,* supra. See also Prosser, *Joint Torts and Several Liability,* 25 Cal.L. Rev. 413 (1937).

■ Since the rule against contribution is inapplicable here, we can think of no sufficient reason why contribution or some similar restitutionary remedy should not be afforded Radford. Indeed, we think that Radford has alleged a classic case for equitable relief. Under a well-recognized principle of tort law, one is held responsible for all the proximate consequences of his tortious conduct. The injury caused by the initial tortfeasor is thus considered the proximate cause of the damage flowing from subsequent unskillful medical treatment. *Smith v. Missouri, K. & T. Ry. Co.,* 76 Okl. 303, 185 P. 70. As a consequence, Radford may be held liable for all of the damages plaintiff sustained as a result of St. Francis' negligence. Unless Radford is afforded a means of compelling apportionment of damages, St. Francis will be able to escape all liability for its negligence. And to allow St. Francis to avoid the consequences of its own wrong-doing merely on account of the doctrine of proximate cause is to countenance a palpable injustice.

■ We agree with the majority of courts that the medical attendant who has negligently aggravated the initial injury is unjustly enriched to the extent that the initial tortfeasor bears the financial burden for the portion of the plaintiff's damages that are attributable to the unskillful treatment. See, e. g., *Herrero v. Atkinson,* supra; *Stuart v. Hertz Corp.,* supra; *Gertz v. Campbell,* supra; Leflar, *Contribution and Indemnity Between Tortfeasors,* 81 U.Pa.L. Rev. 130, 146–147 (1932). St. Francis would be unjustly benefited if Radford alone is required to pay for the negligent aggravation of plaintiff's injuries. Accordingly, the restitutionary principle that a defendant should be deprived of the benefits that in equity and good conscience he ought not to keep is properly applicable here.

## V.

But under what specific remedy should restitution be allowed? As we have noted, contribution seems to be the most appropriate remedy. The majority of courts which have considered the issue appear to have granted the same remedy, but have called it a different name.

### Indemnity

■ The courts which rely upon the doctrine of indemnity to justify restitution reason that the initial tortfeasor has an implied in law right to indemnity from the negligent medical attendant. See, e. g., *Herrero v. Atkinson,* supra (the leading case); 41 Am.Jur.2d *Indemnity* § 26 (1968). There are a number of conceptual problems with this theory. To begin with, indemnity is a remedy having its origin in contract and its purpose has traditionally been regarded as shifting the *entire* loss from one person who has been compelled to pay it to the shoulders of another who ought to bear the loss instead. See *Gertz v. Campbell,* supra, 302 N.E.2d at 45 (Underwood, C. J., concurring); Annot., 8 A.L.R.3d 639 (1966); W. Prosser, Law of Torts § 51 (1971); Comment, supra at 79–80. This is not what the initial tortfeasor is seeking from the negligent medical attendant nor is it what Radford is seeking from St. Francis. What is sought is restitution in the amount of damages attributable to the negligence of the medical attendant. In other words, what is sought is an equitable apportionment of the loss—something far more akin to contribution than indemnity.

Another problem with the indemnity theory is that the courts have traditionally restricted indemnity, at least with respect to tortfeasors, to cases in which there is some "qualitative distinction between the negligence of the two tortfeasors." *Gertz v. Campbell,* supra, 302 N.E.2d at 46 (Underwood, C. J. concurring). The distinction is usually phrased in terms of "active and

passive negligence" or "primary-secondary liability." See generally *Transcon Lines v. Barnes,* 17 Ariz.App. 428, 498 P.2d 502. But see *Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (N.Y.) (rejecting the distinction and adopting apportionment of liability according to the relative responsibility of the parties for the loss).

But no matter how the distinction is phrased, it is clear that the majority of courts require that the tortfeasor who seeks indemnity from another tortfeasor who aggravated the injury or caused a new injury must be without personal fault. See generally *Transcon Lines v. Barnes,* supra; Restatement of Restitution § 96 (1937); 41 Am.Jur.2d *Indemnity* § 20. The tortfeasor who seeks "indemnity" from a subsequent tortfeasor who has negligently aggravated the injuries simply cannot be regarded as being without personal fault; certainly Radford cannot, assuming it is responsible for at least some of plaintiff's injuries.

Despite these conceptual difficulties a number of courts have granted indemnity. One court recognized the problem and adopted a new doctrine, which it labeled "partial-indemnity." *Gertz v. Campbell,* supra. A few other courts have relied upon the doctrine of subrogation to afford a tortfeasor in Radford's position an equitable remedy.

## SUBROGATION

The courts relying upon subrogation hold that the initial tortfeasor is subrogated to the rights of the injured party as against the medical attendant who negligently exacerbates the injuries. E. g., *Clark v. Halstead,* supra. See generally 73 Am.Jur.2d *Subrogation* § 40 (1974). But granting the initial tortfeasor subrogation is contrary to the principle that one who is himself guilty of wrongdoing may not lay any equitable claim to subrogation. See Annot., 8 A.L.R.3d 639, 642–3 (1966); 73 Am.Jur.2d *Subrogation* § 18 (1974). There is no reason to make an exception to this principle merely to afford equitable relief to the initial tortfeasor when other means of achieving that objective are available.

## CONTRIBUTION

Contribution is an equitable remedy designed to apportion the loss between two or more persons liable for harm caused to a third person. See 18 Am.Jur.2d *Contribution* § 1 (1965); Restatement of Restitution § 81 (1937). It can be employed to secure the right of one person who has discharged more than his fair share of a common liability or burden to recover from another the proportionate share which in equity and good conscience he ought to pay or bear. Id.

As we have noted, what the courts which have granted indemnity or subrogation to the initial tortfeasor seem to be doing is permitting the remedy of contribution under a different name. Whether they denominate it as contribution or not, they are sanctioning an equitable sharing of liability between parties whose independent acts caused injury to a third party. Accordingly, we think it more appropriate to explicitly recognize a right in the initial tortfeasor to secure contribution from the subsequent tortfeasor who negligently aggravated the injury.

Affording a right of contribution to the initial tortfeasor prevents an unjust enrichment on the part of the subsequent tortfeasor. And it gives effect to the principle that everyone is responsible for his own wrong, without confusing previous notions about the remedies of subrogation or indemnity.

We therefore hold that Radford's third-party claim states a course of action for contribution against St. Francis and that the trial court erred in dismissing the action. The judgment below is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

REYNOLDS, P. J., and ROMANG, J., concur.