ARTHUR CHRISTIAN

v.

JAMES IRWIN.

*Filed at Ottawa June 16, 1888.*

1. MASTER AND SERVANT—*respondeat superior.* Where the plaintiff has been injured by the gross misconduct of the defendant's servant while engaged in the service of his principal in driving a wagon and team along a street, in driving into and colliding with the wagon and team of the plaintiff passing along the highway, and the plaintiff, at the time of the injury, was observing due care for his personal safety, the master will be liable for the injury.

2. APPEAL—*whether damages are excessive, as a question of fact—the rule of damages, a question of law.* Whether the damages awarded in a case are excessive or not, is a question of fact, not reviewable in this court. The amount of damages a party may have sustained from a personal injury, is a question of fact, but the rule for ascertaining the damages is a question of law.

3. INSTRUCTION—*omission in one cured by another embodying the principle.* In an action to recover for a personal injury caused by the misconduct and negligence of the defendant's servant, it was objected that the first and second of the plaintiff's instructions omitted to present the question whether the plaintiff exercised ordinary care to avoid the injury. The third instruction of the series, however, contained the principle which was wanting in the two preceding ones, and this was held to obviate the objection, and that there was no occasion for stating the doctrine insisted upon in the first and second of the series.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. GRANT, BRADY & NORTHRUP, for the appellant:

If Francis Smart, who owned and was driving in the buggy in which appellee was riding at the time of the collision, failed to exercise ordinary care and prudence to avoid a collision, his negligence is chargeable to appellee, and he can not recover. *Otis* v. *Janesville,* 47 Wis. 422; *Payne* v. *Railway Co.* 39 Iowa,

523; *Railroad Co.* v. *Miller*, 25 Mich. 274; *Houfe* v. *Futton*, 29 Wis. 296; *Beck* v. *Ferry Co.* 6 Rob. 82; *Lockhart* v. *Litchtenthaler*, 46 Pa. St. 151; *Forks Township* v. *King*, 84 id. 230.

Although appellant may have been guilty of negligence contributing to the injury complained of, still, if appellee could, by the exercise of ordinary care and prudence, have avoided the injury, he can not recover. *Railroad Co.* v. *Jacobs*, 63 Ill. 178; *Railroad Co.* v. *Johnson*, 103 id. 512; *Myers* v. *Railway Co.* 113 id. 388; *Railway Co.* v. *Jones*, 76 id. 312; *Railroad Co.* v. *Manly*, 58 id. 300; *Abend* v. *Railroad Co.* 111 id. 202; *Coal Co.* v. *Taylor*, 81 id. 590.

Appellee was under the burden of proving that the injury he complains of was produced by the negligence of appellant's servant, Carroll,—that appellee himself exercised due care and caution to avoid injury, or that his own negligence did not contribute to the injury. *Dyer* v. *Talcott*, 16 Ill. 300; *Railroad* v. *Grimes*, 13 id. 585; *Railroad Co.* v. *Jacobs*, 20 id. 488; *Railroad Co.* v. *Hazzard*, 26 id. 386; *Kepperly* v. *Ramsden*, 83 id. 356; *Railroad Co.* v. *Gregory*, 58 id. 276; *Railroad Co.* v. *Johnson*, 103 id. 512; *Railway Co.* v. *Thorson*, 11 Bradw. 631.

If appellant is liable at all in this action, compensatory damages only are recoverable, neither malice nor willful wrong being alleged or proved. *Bridge Association* v. *Loomis*, 20 Ill. 251; *Kolb* v. *O'Brien*, 86 id. 210; *Railroad Co.* v. *Payzant*, 87 id. 125.

Messrs. BRANDT & HOFFMAN, for the appellee:

The uncontroverted facts in the case demonstrate appellee's right to recover. *Harpel* v. *Curtis*, 4 E. D. Smith, 78; *Payne* v. *Smith*, 4 Dana, 497; *Davies* v. *Mann*, 10 M. & W. 546; *Schienfeldt* v. *Norris*, 115 Mass. 17; *Wood* v. *Luscomb*, 23 Wis. 288; *Brooks* v. *Scheverin*, 54 N. Y. 343; *Moody* v. *Osgood*, id. 488; *Coursen* v. *Ely*, 37 Ill. 338.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought in the circuit court of Cook county, by James Irwin, against Arthur Christian, and was to recover for personal injuries alleged to have been caused by the negligence of defendant's servant. It seems, plaintiff was in a buggy with another man, and as they were riding south on Des Plaines street, at the intersection and crossing of Van-Buren street, they were run into by the horse and wagon of defendant, then being driven by his servant, by which plaintiff sustained severe injuries. To the declaration, alleging with the usual fullness and formality the facts upon which plaintiff based his right of action, defendant pleaded the general issue. On the trial the jury found the issues for plaintiff, and assessed his damages at $2500. The motion to set aside the verdict, and for a new trial, was overruled, and the court pronounced judgment on the verdict. That judgment, on the appeal of defendant, was affirmed in the Appellate Court for the First District, and defendant brings the case to this court on his further appeal.

As the case comes before this court there are and can be but few questions in the case that admit of any discussion. Of course the finding of all controverted facts by the trial and Appellate courts is conclusive on this court, under the statute. There is evidence tending to show, and the jury must have so found, that plaintiff was injured by the gross misconduct of defendant's servant while he was engaged in the service of his principal, and that plaintiff, at the time he sustained the injuries, was observing due care for his personal safety. These facts are not open to review in this court, and they are conclusive as to plaintiff's right to recover.

It is said the damages awarded by the jury are excessive. That is also a question of fact that can not be reconsidered by this court. The amount of damages a party may have sustained is a question of fact, but the rule for ascertaining the

damages is, of course, a question of law. On looking into the instructions given by the court, it is not seen the jury were misdirected as to the rule that should guide them in ascertaining the damages plaintiff had sustained. The third instruction of the series given for plaintiff, which is said to be erroneous as to the damages recoverable, seems to have been supplemented by one given by the court, and does not appear to contain anything objectionable, when both are considered together, as no doubt they were.

The sixth error assigned on the record in the Appellate Court is, "the court erred in giving to the jury the first, second, third and fourth instructions on behalf of plaintiff." The only error assigned on the record of the Appellate Court in this court is, "the Appellate Court erred, in that it affirmed the judgment of the circuit court." One phase of the third instruction of the series has already been remarked upon, but it may be necessary to refer to it further on. No particular infirmities are suggested as to the first and second instructions. It is said, however, that on reading the instructions given on behalf of plaintiff, it will be seen that in none of them was the question whether or not plaintiff exercised ordinary care to avoid the accident, submitted to the jury. There could be no occasion for stating the doctrine insisted upon, either in the first or second instruction, but in the third of the series the principle contended for is distinctly stated, where it is said: "If the jury find, from the evidence, that neither he, (plaintiff,) nor the person who was driving the buggy in which he sat, was guilty of any negligence which contributed to said injury," in connection with .other facts as to which there was evidence, then they should find defendant guilty. This is certainly a sufficiently strong statement of the doctrine which defendant wished to have applied to the facts, and the series of instructions are not open to the criticism made upon them. In the fourth instruction the court undertook to give expression to

the doctrine of comparative negligence as heretofore held by this court, and it is not perceived it contains anything hurtful to the defense.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*