## Samuel Richardson v. Axel Edward Nelson, by Otto Nelson, his next friend.

### Gen. No. 12,032.

1. CONTRIBUTORY NEGLIGENCE—*when minor cannot be guilty of.* A child of less than two years cannot be guilty of contributory negligence.

2. PHYSICAL EXAMINATION—*court without power to grant.* A court has no power to grant to the defendant a physical examination of the plaintiff in an action brought for personal injuries.

3. MEASURE OF DAMAGES—*what not element of, in personal injury action by minor.* Loss of time and inability to work in the future during the period of minority are not proper elements of damage in an action for personal injuries by a minor.

4. ARGUMENTS OF COUNSEL—*when not ground for reversal.* Held, that the action of counsel in stating outside of the record what verdicts had been rendered in other cases, had not progressed far enough and was not of a character sufficiently serious to justify a new trial.

Action on the case. Appeal from the Superior Court of Cook County; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch

Appellate Court at the October term, 1904.    Affirmed.    Opinion filed December 8, 1905.

Statement by the Court. This is an appeal from a judgment of the Superior Court of Cook County in an action on the case brought by appellee against appellant. At the time of the negligence complained of, appellant was the owner of a three-story brick building known as number 473 West Ohio street, in the city of Chicago. In January or February, 1901, ice commenced to accumulate around a pipe leading from the roof of appellant's building to the ground, forming a mass of ice about twenty inches in diameter. Appellant was notified on February 1, 1901, of the accumulation of ice and of its danger to the people living in the building upon which it had accumulated, and in the building in which appellee resided, which was separated from appellant's building by a narrow passageway. About five days later he was again spoken to regarding the danger from the ice, and again on February 18, 1901.

On March 10, 1901, the mass of ice fell against the building in which appellee lived and crashed through a window near which appellee was standing. A large piece of ice struck appellee's right foot, injuring it. Appellee was also cut on the face and hands by broken glass.

The trial of the case resulted in a judgment against appellant for $1,500.

WILLIAM S. NEWBURGER and ALFRED LIVINGSTON, for appellant.

M. J. MORAN, for appellee; GALLAGHER, FISKE & MESSNER, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

It is urged in behalf of appellant that the declaration does not state a cause of action. As abstracted by appellant the declaration is insufficient, but the abstract is imperfect. The additional abstract furnished by appellee shows that the amended declaration states a cause of action.

The plaintiff was a child one year and nine months old at the time of the accident. So far as the exercise of due care is concerned he could not be guilty of contributory negligence. Chicago City Ry. Co. v. Tuohy, 196 Ill. 410. The evidence does not tend to show contributory negligence on the part of the plaintiff's parents.

It is claimed on behalf of appellant that the court erred in admitting immaterial and irrelevant evidence, as to the breaking of other windows in the building where plaintiff resided and the breaking of the platform of the building, and the deed showing ownership of the premises from which the ice fell. This evidence was all competent for obvious reasons. The damage done by the falling ice would tend to show the force with which it fell. The deed tended to show ownership in appellant and his control of the property at the time of the accident.

We find no substantial error in the rulings of the court upon the testimony of the witness Crozier. Objections were properly sustained to leading questions, and to answers giving the conclusion of this witness as to whether the plaintiff walked normally or not.

Counsel for appellant applied to the court to be allowed to have a physician present in court examine the plaintiff, or to appoint a physician to make the examination. The court did not err in refusing the request. The P. D. & E. R. Co. v. Rice, 144 Ill. 227.

The second instruction given at the request of appellee is erroneous in that it instructs the jury to assess damages for loss of time and inability to work in the future, if any, without excluding the time of his minority. But, at the instance of appellant, the court instructed the jury that the plaintiff could not recover for medical services or for diminution of earning power during minority. Where the instructions as a series state the law correctly as these instructions do, the error in the second instruction is obviated, especially where the jury were not likely to have been misled. The Toledo W. & W. Ry. Co. v. Ingraham, 77 Ill. 309; Christian v. Irwin, 125 Ill. 619.

When counsel for appellee in his closing argument to the jury attempted to go outside of the case and state to the jury verdicts that had been returned in other cases, objections were made and the court sustained the objections. We do not think that what is here complained of, conceding it to be improper, progressed far enough, or was of so serious a character as to justify a reversal of the judgment.

There is abundant evidence in the record to sustain the judgment. The negligence of appellant is proved beyond any reasonable doubt. There is evidence showing that appellee was seriously injured. There is evidence tending to show permanent injury. We do not think the judgment should be disturbed upon the ground that it is for too large an amount. Nor do we think the damages claimed are remote.

The judgment is affirmed and the costs of the additional abstract will be taxed against appellant.

*Affirmed.*