THE VARIETY MANUFACTURING COMPANY

*v.*

MINNIE LANDAKER, Admx.

*Opinion filed April 18, 1907.*

1. APPEALS AND ERRORS—*motion to direct a verdict should be accompanied by a written instruction.* In order to preserve for review by the Supreme Court the questions whether there is evidence fairly tending to establish a cause of action or a defense, in an action at law, the defendant must move the court, at the close of all the evidence, to direct a verdict in his favor, and must accompany his motion with a written instruction to the jury to find for the defendant.

2. DAMAGES—*when mistakes of physician or a failure of means of cure are part of the direct damages.* One who has received an injury through another's negligence is only required to use reasonable diligence to employ a physician of ordinary skill and experience to treat him, and the law regards the injury resulting from the mistakes of such physician or from the failure of the means employed to effect a cure as part of the immediate and direct damages flowing from the original injury.

3. SAME—*whether the verdict is excessive is a question of fact.* Whether the verdict in an action for damages for personal injury was excessive is a question of fact, upon which the judgment of the Appellate Court is conclusive.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

BOLEN & STEWART, for appellant.

ELMER & COHEN, and E. C. WOOD, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the superior court of Cook county by the appellee, against the appellant, to recover damages for an injury alleged to have been sustained by Charles Landaker, the intestate of the appellee, through the negligence of the servants of the appellant, which resulted in the death of said Landaker. The jury returned a verdict in favor of appellee for $5000, upon which the court rendered judgment after overruling a motion for a new trial, which judgment was affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

Charles Landaker, in company with Charles Erhart, was at work for the Eaton & Prince Elevator Company putting in an elevator in a three-story brick building which the Illinois Moulding Company was constructing in the city of Chicago. The elevator shaft was enclosed by brick walls, with doors opening through the walls on the east and west sides of the shaft on each floor of the building. Landaker and his helper used two planks, sixteen feet long, which they laid across the shaft at each floor from door to door for a scaffold upon which to work. The planks were left in position on the second floor by Landaker and his helper, and while they were at work upon the third floor the servants of the appellant moved the planks endwise, so that they might slide the doors up and down which they were fitting into the elevator shaft on the second floor. When they

completed their work upon that floor they left said planks in such position that only one end of the planks rested upon the elevator walls. When Landaker and his helper returned to their work upon the second floor, Landaker stepped upon one of the planks without notice that its ends did not rest upon both sides of the shaft, and it tipped up and he and the plank fell to the bottom of the shaft and the femur bone of his left leg was broken near his body. He was treated by two physicians who were in regular practice in the city of Chicago and who were experienced in the practice of their profession. The ends of the bone would not unite, and some months after the injury the physicians who had charge of the case cut the leg open and fastened the ends of the bone together with wires. The operation was not successful, although not an unusual one, and Landaker died a few days thereafter. He left him surviving Minnie Landaker, as his widow, who was appointed administratrix of his estate, and three minor children, all of whom were living at the time the suit was brought.

It is first contended that the appellant, through its servants, was not guilty of actionable negligence, and that the intestate of appellee was guilty of such contributory negligence that there can be no recovery. The questions of negligence and contributory negligence are questions of fact, and this court does not determine questions of fact in actions at law. In cases of this character, where a party defendant desires to preserve the questions whether the evidence fairly tends to establish a cause of action or a defense, for review in this court, as questions of law, it can only be done by the defendant moving the court, at the close of all the evidence, to instruct the jury to return a verdict for the defendant, and by accompanying the motion with an instruction in writing to find for defendant. The defendant in this case made a motion, at the close of all the evidence, for a directed verdict, but did not accompany its motion with an instruction in writing to the jury to find for the

defendant.    The questions of law, therefore, whether the evidence fairly tended to show that the appellant, through its servants, was guilty of actionable negligence or the appellee's intestate was guilty of contributory negligence have not been preserved by the appellant for review in this court upon this record. *Wenona Coal Co.* v. *Holmquist*, 152 Ill. 581; *Swift & Co.* v. *Fue*, 167 id. 443; *Hartford Deposit Co.* v. *Pederson,* 168 id. 224; *Calumet Electric Street Railway Co.* v. *Christenson,* 170 id. 383; *West Chicago Street Railroad Co.* v. *Foster,* 175 id. 396.

It is next contended that the court erred in giving to the jury the appellee's second instruction.    That instruction announced to the jury that a person who is suffering from an injury is only required to use reasonable diligence to employ a physician of ordinary skill and experience to treat him, and that the law regards the injury resulting from the mistakes of the physician, or from the failure of the means employed to effect a cure, as a part of the immediate and direct damages flowing from the original injury.    The doctrine announced in said instruction is fully sustained by *Pullman Palace Car Co.* v. *Bluhm,* 109 Ill. 20, and *Chicago City Railway Co.* v. *Saxby,* 213 id. 274.

It is finally contended that the judgment was excessive. That question was one of fact and is settled by the judgment of the Appellate Court.    *Christian* v. *Irwin,* 125 Ill. 619; *New York, Chicago and St. Louis Railroad Co.* v. *Luebeck,* 157 id. 595.

It is urged, however, that the evidence fails to establish the age of Landaker at the time he was injured, and for that reason it is said there is no evidence upon which to base a verdict for $5000.    If the record were so framed as to present the question of the sufficiency of the evidence to support a verdict for $5000 for review in this court,—which it is not,—the evidence showed Landaker was an active man and earning four dollars per day at the time he was injured. This evidence clearly tended to support the verdict, and

this court cannot say, as a matter of law, there was no evidence in the record upon which to base a verdict for $5000.

Finding no reversible error in this record the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*