Charles J. Beckinella, J.
This is a motion by defendant St. Peter’s Hospital to dismiss a cross complaint served pursuant to section 264 of the Civil Practice Act by one of the codefendants.
The main action alleges that while plaintiff’s testate was exiting from premises 161 Seventh Avenue, Brooklyn, New York, she was caused to fall on the sidewalk and sustain injuries by reason of an improperly operated door check; that the premises were owned by the defendants Jacobs and operated by defendant Isaacson. It is further alleged that the plaintiff’s testate was thereafter admitted to defendant hospital and while she was asleep therein she rolled or fell out of the bed, sustaining further injuries; that these injuries were sustained due to the carelessness and negligence of the hospital in failing .to attach side boards to the bed and in failing to give plaintiff’s testate proper supervision and care; that she subsequently died by reason of the multiple injuries.
The cross complaint by defendants Jacobs against the co-defendants alleges in substance that if plaintiff’s testate sustained the injuries they were caused by her own fault or by the negligence of the codefendants as alleged in the main complaint and that by reason thereof the defendant hospital will be bound to indemnify the defendants Jacobs for all damages sustained *795 by the plaintiff’s testate subsequent to her fall on the sidewalk.
A somewhat similar situation arose in Clark v. Halstead (276 App. Div. 17). There plaintiff sustained a fractured leg in an auto accident caused by the negligence of one Wheeler. Due to the alleged malpractice of plaintiff’s physicians his fractured leg was required to be amputated. Plaintiff brought suit for and recovered against Wheeler the damages plaintiff sustained both from the original injury and from the subsequent aggravation allegedly caused by the malpractice of the physicians. Wheeler thereafter served a third-party complaint against the physicians where he sought to be reimbursed for the amount of damages resulting from the physicians’ negligence. The court, in denying physicians ’ motion to dismiss the third-party complaint pursuant to rule 106 of the Rules of Civil Practice, said (p. 19): “ The query remains whether the defendant Wheeler, as the original wrongdoer who has been held liable, is subrogated to any right of action which the plaintiff Clark may have had against the defendant physicians for malpractice. The trend of authority appears to require an affirmative answer to this question ’ ’.
In Primes v. Rose (123 N. Y. S. 2d 702) an action for personal injuries was brought against a chiropodist and two physicians. It was alleged that a callous on plaintiff’s foot was negligently treated by the chiropodist resulting in an infection of the foot and leg; that thereafter the physicians treated the foot and leg but through their negligence a further aggravation was caused resulting through the negligence of all of the defendants in the loss of a toe. The court, in allowing a cross claim by the chiropodist against the physicians, said (pp. 703-704): “ Under the allegations of the complaint, the cross-complaining defendant, as the initial tort-feasor, would be liable for the total damage sustained by the plaintiff, that is, not only for the injury flowing initially from such defendant’s alleged negligence, but also for the aggravation in plaintiff’s injuries due to the subsequent alleged negligent treatment at the hands of the co-defendants. See Milks v. McIver 264 N. Y. 267, 190 N. E. 487. And, by virtue of the decision in Clark v. Halstead aforesaid, the co-defendants are liable over to the cross-complaining defendant to the extent that the damages sustained by plaintiff were enlarged by the subsequent and independent negligence and malpractice, if any, of the co-defendants.”
In accordance with the above decisions, it is my opinion that the cross complaint herein sets forth facts tending to show that there may be liability over.
The motion is thus denied. Submit order.