FANNY MUSCO, as Administratrix of the Estate of SALVATORE MUSCO, Deceased, Plaintiff, v. JOHN L. CONTE, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. YONKERS GENERAL HOSPITAL et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.

Second Department, November 23, 1964.

*George Franklyn Muth* and *John Preston Phillips* for appellant.

*Mendes & Mount* (*Albert L. Bases* and *Lewis S. Sandler* of counsel), for Yonkers General Hospital, respondent.

*Lester D. Cook* for Marium B. Phillips, respondent.

HOPKINS, J. We deal here with the sufficiency of a third-party complaint on its face; hence, the allegations of the original complaint and the third-party complaint are read together and accepted as true (*Dyer* v. *Broadway Cent. Bank,* 252 N. Y. 430, 432; *Vaughan* v. *Globe Neon Sign Co.,* 10 A D 2d 568, affd. 8 N Y 2d 776).

The pleadings, thus considered, assert that on March 24, 1957 the defendant Conte parked his automobile in a lot owned by the X. R. C. Realty Corporation and maintained by Cross County Diner, Inc.[1] Conte's automobile crossed over a wooden log which was placed as a backstop at the edge of the parking area, so that part of the automobile landed in a ditch or low ground, and part of the automobile remained on the parking

---

1. Both X. R. C. Realty and Cross County Diner, Inc., were joined by the plaintiff as parties defendant, but they are not parties to this appeal,

area. Conte asked Salvatore Musco (plaintiff's intestate) to help him extricate the automobile; and, as Musco did so, his hand was caught between the log and the automobile through the negligence of Conte.

Musco suffered severe injuries to his hand. At the Yonkers General Hospital an anesthetic was administered, and an operation was performed. The anesthetic was so negligently administered (and without a proper diagnosis of Musco's general condition) that Musco died. The third-party defendant Phillips was one of the persons who participated in the negligence causing Musco's death.

The plaintiff sued Conte and the owner and operator of the parking area for damages as a result of the wrongful death of her intestate. Her complaint claimed negligence by Conte in his operation and control of his automobile, and negligence by the owner and operator of the parking area through the improper location of the log and the dangerous condition of the premises. After joinder of issue, the action was noticed for trial, finally appearing on the Day Calendar.

Nearly seven years after the accident and five years after the commencement of the action, the defendant Conte served a third-party complaint on Yonkers General Hospital and Phillips, claiming that their negligence in performing the operation on Musco was the cause of his death. Both of said third-party defendants separately moved to dismiss the third-party complaint for patent insufficiency, and Conte appeals from the orders granting such motions.

Three reasons are advanced for affirmance of the orders: (1) an active tort-feasor may not implead another tort-feasor; (2) the Statute of Limitations has expired, foreclosing an action by the plaintiff against the third-party defendants, and Conte cannot be in a more favorable position than the plaintiff; and (3) Conte is guilty of laches.

At common law the joint and several liability imposed on joint tort-feasors was indivisible, and any one of the joint tort-feasors was liable to the injured party for the entire damage (1 Harper and James, Law of Torts, § 10.1, pp. 693–695). As a corollary to this rule, the injured party was said to control the source of the payment, so that despite the more liberal code provisions relating to joinder of parties (Civ. Prac. Act, §§ 193, 212; CPLR 1001, 1002), one joint tort-feasor sued alone by the injured party could not bring in as a party defendant to the action a second tort-feasor jointly liable and culpable for the injury (cf. *Fox* v. *Western N. Y. Motor Lines,* 257 N. Y. 305, 308–309).

No doubt, the common-law doctrine was aimed at deterring the commission of a single wrongful act by the concert of several persons who were proceeding in unison. As was said in *Peck* v. *Ellis* (2 Johns. Ch. 130, 137): "Public policy speaks loudly against it. There would be no safety to property if a large combination of trespassers were entitled to the assistance of Courts of justice in the apportionment of the damage. The knowledge that each individual is responsible for the whole, constitutes the great check."

Nevertheless, apportionment of the damage was recognized, even at some hardship to the injured party who was compelled to establish the extent of the damage caused by each tort-feasor, where the whole injury arose from concurrent but separate acts of the tort-feasors contributing to the end result. Typically, this qualification of the rule was applied with respect to injuries to land (cf. *Chipman* v. *Palmer,* 77 N. Y. 51, 53–54; *City of Mansfield* v. *Bristor,* 76 Ohio St. 270).

Moreover, the right of indemnity is enforced in favor of one tort-feasor against another jointly liable, where the degrees of culpability are unequal and the second tort-feasor, in equity and justice, should bear the burden. (2 Williston, Contracts [3d ed.], § 345, pp. 763–783).

We are presented on this appeal with a fact pattern which is sometimes confused with the classic type of joint torts when the injury occurred as a product of the acts of several wrongdoers in concert, or flowing from concurrent acts of several wrongdoers happening at the same time (cf. 1 Harper and James, Law of Torts, § 10.1, pp. 693–694). The original injury to Musco's hand was caused by the negligence of the defendants he sued, concurring at the same time; but that injury was merely the subject of the treatment through which his death occurred as a consequence of the negligence of the third-party defendants. In this sense, Conte and the third-party defendants are not joint tort-feasors; they are, rather, tort-feasors whose wrongs were successive and independent (*Derby* v. *Prewitt,* 12 N Y 2d 100, 105–106; *Matter of Parchefsky* v. *Kroll Bros.,* 267 N. Y. 410, 413–414). Conte may be liable to the plaintiff for the damages arising from the ultimate injury (*Milks* v. *McIver,* 264 N. Y. 267, 270), but his wrongful act was not concurrent with the negligence of the third-party defendants, and his culpability was, as alleged, of a lesser degree. Hence, the rule that the impleader of a third party will not lie at the instance of a tort-feasor *in pari delicto* fails of application (cf. *Middleton* v. *City of New York,* 300 N. Y.

732; *McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 318).

The right of indemnity has been held available at the behest of a defendant whose wrongful act resulted in injury aggravated by the negligence of a treating physician (*Clark* v. *Halstead,* 276 App. Div. 17; *Rezza* v. *Isaacson,* 13 Misc 2d 794; *Rizzo* v. *Steiner,* 36 Misc 2d 701; *Primes* v. *Ross,* 123 N. Y. S. 2d 702; cf. *Fisher* v. *Milwaukee Elec. Ry. & Light Co.,* 173 Wis. 57). By this device, the plaintiff may still, as she chose here, recover damages from the defendants whom she originally elected to sue; but the jury may, under proper instructions and by special verdict, decide the proportions of the recovery to be borne by the defendant Conte and by the third-party defendants impleaded by Conte.

Thus, there can be no double satisfaction of the claim (cf. *Milks* v. *McIver,* 264 N. Y. 267, 270, *supra*), and the equities of the case are preserved.[2] Nor is the relief sought by Conte interdicted because damages for wrongful death are the object of plaintiff's action; we see no greater difficulty in the consideration by the jury of the proportions of the verdict properly chargeable to Conte and the third-party defendants than would be ordinarily encountered in an action to recover for damages claimed for injuries not culminating in death.

The third-party defendants' argument that the third-party complaint is barred by the Statute of Limitations applicable to actions based on malpractice (Civ. Prac. Act, § 50, subd. 1; CPLR 214, subd. 6) stands or falls on the validity of the proposition that a tort-feasor's suit for indemnity is bound by the same time limits as a suit brought by the injured party. In essence, their claims are that indemnity is a species of subrogation,[3] and that a subrogee is confined to the remedies of his subrogor (cf. *Exchange Mut. Ind. Ins. Co.* v. *Central Hudson Gas & Elec. Co.,* 243 N. Y. 75, 79).

An action for indemnity need not take the form of third-party relief; it may be brought as an independent action subsequent to the rendition of judgment against a tort-feasor (*City of Rochester* v. *Montgomery,* 72 N. Y. 65). The general

2. The amount of contribution among joint tort-feasors is equitably adjusted according to the position and relative responsibility of the parties (cf. *Wold* v. *Grozalsky,* 277 N. Y. 364; *Lyons* v. *Provencial,* 20 A D 2d 875; *Oliver* v. *McPherson,* 24 Misc 2d 1072).

3. The language of subrogation is used by the third-party defendants because the term appears in *Clark* v. *Halstead* (276 App. Div. 17, 19, *supra*). But the opinion does not treat of the issue of limitations; and it is clear that the principle of indemnity was considered to apply to the factual pattern which was presented.

rule is established that the action accrues not at the time of the commission of the tort for which indemnity is sought, but at the time of the payment of the judgment (*Satta* v. *City of New York,* 272 App. Div. 782; *Corbetta Constr. Co.* v. *Driscoll Co.,* 17 A D 2d 176, 180; Ann. 20 ALR 2d 925, 927); and this rule applies as well to third-party complaints (Ann. 11 ALR 2d 228, 242). Otherwise, a tort-feasor who defended an action in good faith and in the belief that he was not liable to the injured party, upon the recovery of a judgment against him, would be deprived of recourse against one more culpable.

The third-party defendants contend, in addition, that the laches of Conte in delaying the service of the third-party complaint for over six years after the original injury and nearly five years after the commencement of the action against Conte, warranted the dismissal of the third-party complaint. Our practice gives discretionary power to the court to determine "whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party" (CPLR 1010).

We note that there is no claim by the plaintiff in the main action that she will be unduly delayed; the plaintiff neither appeared on the motion in the court below, nor on this appeal to press that point. The third-party defendants urge, however, that they will be prejudiced in the preparation of their defense after the lapse of six years. We see no prejudice in the context of this case. Plainly, if Conte decided to wait until the recovery and payment of a judgment against him to institute an action for indemnity, the third-party defendants could not plead laches as a conclusive bar; and the delay undoubtedly would be greater. Instead, that delay is lessened by the impleader of the third-party defendants through the service of the third-party complaint.

The orders should be reversed, and the motions to dismiss the third-party complaint should be denied, with $10 costs and disbursements, payable jointly by the third-party defendants-respondents Yonkers General Hospital and Phillips. Their time to answer the third-party complaint is extended until 20 days after entry of the order hereon.

UGHETTA, Acting P. J., BRENNAN, HILL and RABIN, JJ., concur.

Orders reversed and motions denied, with $10 costs and disbursements, payable jointly by the said third-party defendants-respondents. Their time to answer the third-party complaint is extended until 20 days after entry of the order hereon.