JAMES GERTZ, a minor, by ANN GERTZ, his mother and next friend, Plaintiff, *v.* VERN A. CAMPBELL, SR., Defendant and Third-Party Plaintiff, Appellant—(DR. H. M. SNYDER, Third-Party Defendant-Appellee.)

(No. 71-146;

Second District—April 17, 1972.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

James Gertz, a minor, brought an action against Vern A. Campbell, Sr. for personal injuries, alleging that defendant's auto struck him while he was standing alongside a road. Campbell filed a third-party complaint against Dr. H. M. Snyder, the treating physician, alleging malpractice and seeking indemnity for any damages assessed against him which are attributable to the alleged malpractice. The third-party plaintiff appeals from an order of the trial court which dismissed the action over without leave to amend.

In substance, the third-party complaint alleged that the minor, Gertz, suffered a fracture of the right leg in the accident and was taken to a McHenry Hospital where an examination by Dr. Snyder showed poor circulation in the injured limb, requiring immediate surgery; but that Dr. Snyder waited seventeen hours after admission to perform surgery and that due to such neglect the leg became necrotic or decayed resulting in the subsequent amputation of the leg between the ankle and the knee. Campbell prays that in the event a judgment is rendered against him and in favor of the plaintiff that the jury then determine the amount of damages caused by reason of the Doctor's neglect and that Campbell have judgment against the Doctor in such amount.

The third-party defendant stated two grounds in his motion to dismiss, first that the third-party plaintiff and the third-party defendant were joint tort-feasors barring contribution between them, and second that the complaint failed to set forth a claim for indemnity based on either an expressed or implied contract, or upon the distinction between active and passive negligence.

■■ It is the rule of law in Illinois that where one is injured by the negligence of another, and the injured party exercises ordinary care in employing a doctor, but that the doctor by malpractice in treating that same injury aggravates the original injury, the original tort-feasor is liable to the injured person for that aggravation. (*Variety Manf. Co. v. Landaker* (1907), 227 Ill. 22, 25; *Chicago City Ry. Co. v. Saxby* (1904), 213 Ill. 274, 276-278.) The rationale for this rule is that the unskillful treatment or malpractice by the doctor is a result or intervening cause which reasonably ought to have been anticipated by the tort-feasor. The defendant's negligence is thus held to be a proximate cause of the

plaintiff's injury in its entirety. See *Guth v. Vaughan* (1923), 231 Ill.App. 143, 149.

The third-party plaintiff does not challenge the above rule respecting his obligation to the plaintiff, but argues that he has an equitable right to have the portion of the plaintiff's damages attributable solely to the negligence of Dr. Snyder assessed against the doctor.

He cites authorities in other jurisdictions with similar factual situations which hold that the wrongs committed are independent and successive, rather than joint. (*Derby v. Prewitt* (1962), 236 N.Y.S.2d 953, 957; *Musco v. Conte* (1964), 254 N.Y.S.2d 589, 593; *Fisher v. Milwaukee Electric Ry. & Light Co.*, (Wis. 1920), 180 N.W. 269, and *Greene v. Waters* (Wis. 1951), 49 N.W.2d 919.) Appellant argues that the Illinois courts have recognized the doctrine of the separate injury and separate tort-feasor relationship, at least to a limited extent in connection with cases involving releases, citing *Tidwell v. Smith* (1960), 27 Ill.App.2d 63 and *Anderson v. Martzke* (1970), 131 Ill.App.2d 61, 266 N.E.2d 137.

In *Tidwell* plaintiff sued doctors and a hospital for forcible performance of an operation. A non-defendant doctor had apparently perforated plaintiff's colon. Defendant doctors operated immediately thereafter without permission to repair the perforation and in the course of the operation removed the plaintiff's appendix. Plaintiff then signed a release of the doctor who had perforated the colon. On appeal the court held that the release was not a bar to an action against the defendants because there was a genuine issue of fact as to whether the perforation of the colon and the operation to repair the colon and to remove the appendix were separate and distinct injuries rather than one indivisible series of acts concurring in the same injury. The result of the case does not contravene the rule set forth in *Variety Manf. Co. v. Landaker, supra.* We think that the case illustrates that the extent of the defendant's original obligation does not include the foreseeability of a deliberate assault upon the plaintiff. (See Prosser on Torts, 4th Ed. page 279.) It does not, however, relate to the question whether the damages may be apportioned when the original tort-feasor is held to be the proximate cause of plaintiff's injuries, as here.

In *Anderson v. Martzke, supra,* the doctor was a co-defendant. The plaintiff injured his foot in the garage operated by the other defendant. The doctor gave the plaintiff a tetanus shot in the arm which resulted in an allergic reaction and permanent injury to the arm. The trial court was held to have improperly directed a verdict in favor of the doctor on these facts. While we would consider that a tetanus shot is a routine element in the course of treatment of even minor wounds, and cannot agree with the reasoning of the court which equated injury to a different part of

the body with a "separate and distinct" tort, the case similarly deals with the issue of proximate cause. It stands for the proposition that the misperformance of an entirely independent and *unrelated* treatment cannot fairly be regarded as a normal foreseeable incident of the duty undertaken by the original tort-feasor.

It is conceded that there is no Illinois case which has ruled upon a third-party action by a defendant in a personal injury suit against a doctor who attended an injured plaintiff. The third-party plaintiff cites *Herrero v. Atkinson* (1964), 38 Cal. Rptr 490, 493, in which such action was permitted on a theory of implied indemnity on equitable principles. The court noted that the initial burden upon the defendant to respond to plaintiff for all damages, including those caused by negligent medical attention, was based upon decisional law of the State. But that it was inequitable to deny recovery to defendant for the increased damages caused by acts over which he had neither direction or control, and against which he had no opportunity to protect himself. Although the court (p. 492) noted that "indemnity" transfers the "entire loss", as distinguished from "contribution", which distributes the loss on some proportional basis, the "entire loss" transferred was only that portion which, upon trial, might be found attributable to the alleged negligent conduct of the individual doctors and the hospital.

Also cited with similar results are *Musco v. Conte* (1964), 254 N.Y.S. 2d 589, 593; *Fisher v. Milwaukee Electric Ry. & Light Co.* (Wis. 1920), 180 N.W. 269; and *Greene v. Waters* (Wis. 1951), 49 N.W.2d 919, all *supra*.

However, the Illinois authorities have taken a more restricted view of the scope of an action based upon implied indemnity, and shift the *entire loss* "from one tort-feasor who has been compelled to pay it to the shoulders of another who should bear it instead." (*Suvada v. White Motor Co.* (1965), 32 Ill.2d 612, 624.) And to do this, "it is necessary to draw a qualitative distinction between the negligence of the two tort-feasors if the action for indemnity is to succeed." (*Ch. & Ill. Midland Ry. v. Evans Const. Co.* (1965), 32 Ill.2d 600, 603.) Here, the alleged negligence of the defendant and of the doctor were based upon the breach of equally stringent duties to the plaintiff. In Illinois, there can be no implied indemnity in this situation. See also *Miller v. DeWitt* (1967), 37 Ill.2d 273, 291.

While we cannot find a basis for implied indemnity consistent with the authorities in this State, we would further consider whether the prayer of the defendant to fairly apportion the contingent loss may be supported upon another theory not precluded by the Illinois case law.

Illinois decisional law has barred contribution between joint-

tort-feasors. (See *Ch. & Ill. Midland Ry. v. Evans Const. Co.*, 32 Ill.2d 600, *supra,* at page 603; *Skala v. Lehon* (1931), 343 Ill. 602, 605.) However, we do not find that rule a bar to the action even under the particular facts alleged in the third-party complaint. In our view, the defendant Campbell and Doctor Snyder did not commit a "joint tort", nor are they "joint tort-feasors." Admittedly, there is considerable confusion surrounding these terms. (See Prosser, 4th Ed, p. 291. See also *Sargent v. Interstate Bakeries, Inc.* (1967), 86 Ill.App.2d 187, 197; 229 N.E.2d 769, 774; Polelle, Negligent Joint Tort-feasors, 1 Loyola L. J., 267 (1970); Leflar, Contribution and Indemnity Between Joint Tort-feasors, 81 U. of Pa. L. Rev. 130 (1932).)The fact that decisional law has held a defendant accountable to an injured party for the independent negligence of another because the first party created the risk does not establish the relationship between the original and the successive tort-feasor. For example, the converse does not follow, the second tort-feasor is not responsible to the injured party for the negligence of the first tort-feasor. They have not acted in concert. The injuries inflicted are severable in point of time; neither has any control over or opportunity to guard against the acts of the other; the cause of action against the driver and the doctor are based upon different duties to the plaintiff, and the same evidence will not support the action against each wrongdoer; and the injury to the plaintiff is capable of being decided by apportioning the extent of the injury caused by the respective acts of negligence. (See Prosser, Joint Torts and Several Liability, 25 Cal. L. Rev. 413.) By any meaningful test of joint responsibility there would appear to be no basis to apply deterrent rules to prevent an equitable apportionment of the loss between the original and the successive wrongdoer. (See Prosser, 4th Ed, *supra,* p. 320, 321.) The trial court erred in dismissing the third party action of Campbell.

We limit our rulings to the issue of the pleadings and of course express no opinion on ultimate results which would depend upon proofs and verdict. We do comment that the evidentiary hearing of the third-party action should properly be deferred until the contingent liability is established in the main suit, but that this is no basis for the contention made by the third-party defendant "that Campbell wait until disposition of the principal action before filing any indemnity action."

The cause is reversed and remanded with directions to permit further pleadings and further proceedings consistent with this opinion.

Reversed and remanded with directions.

GUILD and MORAN, JJ., concur.