**Clifford HUGHES, Plaintiff,**

v.

**James F. HOUSLEY, Defendant, Third-Party Plaintiff and Appellant,**

v.

**Jack GLEN and Paul N. Cotro-Manes, Third-Party Defendants and Respondent.**

**No. 16062.**

Supreme Court of Utah.

Aug. 30, 1979.

2. U.C.A., 1953, 30-3-5.

3. Id.

Ross C. Anderson of Berman & Giauque, Salt Lake City, for defendant, third-party plaintiff and appellant.

Paul N. Cotro-Manes, Salt Lake City, for plaintiff-Clifford Hughes.

O. Robert Meredith, of Meredith & Day, Roger P. Christensen, of Christensen, Gardiner, Jensen & Evans, Salt Lake City, for third-party defendants and respondent.

BANKS, District Judge:

This action stems out of a claim of legal malpractice in which the plaintiff, Clifford Hughes (hereinafter "Hughes") sought recovery against his former attorney and appellant in this action, James F. Housley ("Housley") for damages which Hughes has claimed as a result of Housley's negligence in allowing a default judgment to be taken against him in a prior legal action. Housley in response to Hughes' claim filed a third-party action against Paul N. Cotro-Manes ("Cotro-Manes"), the attorney retained by Hughes to replace Housley in representing him in the prior litigation, seeking indemnity from him alleging Cotro-Manes was negligent in failing to have the default judgment set aside.

The trial court found that Housley's third-party complaint failed to state a claim upon which relief could be granted and dismissed the complaint with prejudice. From this order Housley has appealed.

In 1973 an escrow agreement was entered into between E. Keith Howick, Delwin T. Pond and Investment Systems, Inc. Under the terms of that agreement, Pond was obligated, as escrow agent, to hold certain stock certificates. In early 1974 a dispute arose over the ownership of these certificates between Investment Systems, Inc., Jack Glenn and Clifford Hughes, the facts of which are irrelevant to this controversy.

Delwin Pond, upon becoming aware of the conflicting claims of ownership to the stock certificates which he held in escrow, instituted an interpleader action on July 30, 1974, seeking a declaration from the court as to the ownership of the stock certificates.

Hughes retained the services of Housley to represent his interests in the interpleader action.

The other parties to this interpleader action retained Edward T. Wells to represent their interest with regard to the stock certificates.

On August 23, Wells filed an answer on his clients' behalf claiming that Hughes had no right, title or interest to the corporate shares and that the shares rightfully belonged to Carpenter, Glenn and Investment Systems, Inc. We note that Wells failed to serve his answer on Hughes or Housley.

Housley did not tender a responsive pleading for the interpleader action and default judgment was entered against Hughes in October 1974.

During May 1975, Hughes terminated Housley as his attorney and retained Cotro-Manes as his new counsel. Cotro-Manes filed a motion to Set Aside Default and Default Judgment and Order with an accompanying memorandum of authority which asserted the default judgment should be set aside because the defendants did not file a cross claim and because the relief granted exceeded that which the plaintiff demanded. The motion was heard by the court but was denied.

Cotro-Manes, having failed to have the default judgment set aside, filed a complaint in the present action, alleging that Housley was negligent in allowing the entry of the default and in failing to have it set aside.

Housley thereafter filed a third-party complaint against Cotro-Manes. Housley's complaint, the subject of this appeal, is based upon the allegation that Cotro-Manes was negligent in his attempt to have the default judgment set aside, that such negligence aggravated or perpetuated Hughes' damages and that as a result Housley should be indemnified by Cotro-Manes for such damages.

Cotro-Manes made a motion to dismiss the third-party complaint, based upon the asserted grounds that the third-party complaint did not state a cause of action upon which relief could be obtained. The trial court dismissed the third-party complaint with prejudice.

Housley contends on this appeal that the trial court erred in its finding that his complaint against Cotro-Manes did not state a sufficient cause of action upon which relief could be granted.

■ A motion to dismiss a controversy based on an alleged failure of the pleadings to state a cause of action upon which relief

can be granted is to be treated as a motion for Summary Judgment.[1] And such a motion should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.[2] Using this standard we agree with the trial court's conclusion that Housley's third-party complaint failed to state a legal claim for relief.

■ It is pertinent to note that in this state third party practice is permitted only where the original defendant can show that if he is found liable to the plaintiff then the third party will be liable to the defendant.[3]

Housley in order to present a claim in this action, which presents a cognizable legal issue, places a great reliance upon an analogy between the fact at bar and those cases in which a negligent party injuries a plaintiff and the plaintiff's injuries are subsequently aggravated or perpetuated through the negligent treatment of the injury by a physician. As pointed out for Mr. Housley the majority of jurisdictions which have addressed facts substantially similar have held that, although the originally negligent tortfeasor is liable to the plaintiff for all of the injuries sustained in the original accident as well as for the aggravation of those injuries resulting from a third party's negligent treatment of the plaintiff, the original tortfeasor should be allowed some form of indemnification[4] from the third party for the aggravated injury.

In this case the analogy would characterize Housley as the initial tortfeasor, Hughes

in the place of the injured plaintiff and Cotro-Manes as the negligent treating physician. While this analogy provides appeal in deciding this case, a flaw in doing so is made apparent upon closer examination. For assuming arguendo that Cotro-Manes was negligent in his handling of the case, his negligence cannot be said to have aggravated Hughes' injury or added to the damage.

■ At the time that Cotro-Manes replaced Housley in representing Hughes the default had been entered and the total damage complete. Cotro-Manes did not place Hughes in any worse position than he was before and as such no allocation of damages under indemnification could be attributed to Cotro-Manes.

Housley next contends that his Third-Party Complaint states a sufficient cause in action for negligence to justify relief.

We agree, however, with the trial court in finding that Housley would not be entitled to relief under the facts in support of this claim.

■■ A finding of negligence requires the presence of certain elements, one of which is a duty running between the parties.[5] It is apparent by the facts of this controversy that no duty ever arose between the parties. Had Housley been Cotro-Manes' client then Cotro-Manes would have had a duty to Housley. Cotro-Manes' client, however, was Hughes. It has long been held, with few exceptions[6] not appli-

---

1. Rule 12(b)(6), U.R.C.P.1953.

2. *Liquor Control Comm. v. Athas*, 121 Utah 457, 243 P.2d 441.

3. Rule 14, U.R.C.P. provides: "At any time after commencement of the action a defendant, as a third party plaintiff may cause a summons and complaint to be served on a person not a party to the action who is or may be liable to him of all or part of the plaintiff's claim against him."

4. To indemnification as a recovery theory see, *Rizza v. Isaacson*, 13 Misc.2d 794, 178 N.Y.S.2d 481 (1958); *Herrero v. Atkinson*, 38 Cal.Rptr. 490, 227 Cal.App.2d 69 (1964); *Penn Tanker*

*Co. v. United States*, 409 F.2d 514 (5th Cir. 1969). See also 41 Am.Jur.2d Indemnity § 26, 8 A.L.R.3d 639. Subrogation as a recovery theory see *Fisher v. Milwaukee Electric Ry. & Light Co.*, 173 Wis. 57, 180 N.W. 269 (1920). Contribution as a theory of recovery see, *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 282 N.E.2d 288 (1972). And equitable apportionment as a recovery theory see, *Gertz v. Cambell*, 4 Ill. App.3d 806, 282 N.E.2d 28 (1972).

5. Prosser, Law of Torts, 4th Ed. 1971. Restatement of Torts 2d § 281.

6. See 45 A.L.R.3d 1181.

cable here, that the obligation of an attorney is to his client and not a third party.[7]

■ For policy reasons also, we find that no duty should be imposed on succeeding legal counsel in favor of a preceding counsel. To impose such a duty would be to subject the second attorney to potential conflicts of interest in trying to serve two masters.

Accordingly, the trial court was correct to dismiss the Third-Party Complaint under the facts of the controversy.

Affirmed. Costs to Respondent Cotro-Manes.

CROCKETT, C. J., concurs.

HALL and STEWART, JJ., concur in the result.

ELLETT, Retired Justice (concurs in the result with reservation):

I concur in the result, but wish to state that while the sentence in paragraph 14 of the main opinion correctly states what this Court has held in a number of cases, to wit: "[S]uch a motion [Summary Judgment] should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim," such is not the law.

All that is required to render a summary judgment is a determination that there exists no genuine issue as to any material fact in the case, and that a party is entitled to judgment as a matter of law (see Rule 56(c), U.R.C.P.).

What a party might prove in support of his claim is of no concern to the Court unless an issue is raised thereon prior to the ruling on the Motion for Summary Judgment.

MAUGHAN and WILKINS, JJ., having disqualified themselves, do not participate herein.

---

7. *Savings Bank v. Ward*, 100 U.S. 195, 25 L.Ed. 621, see also 7 Am.Jur.2d, Attorneys at Law § 167.