**POLING TRANSPORTATION CORPORATION, and Barge Poling Bros. No. 23, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 83 CV 1392.**

United States District Court, E.D. New York.

April 30, 1985.

---

Healy & Baillie, New York City (John R. Geraghty, New York City, of counsel), for plaintiffs.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. (Robert L. Begleiter, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Two separate, though related, actions are pending before this court: 1) a personal injury action by Gordon Wilson against the United States, No. 83 CV 2631; and 2) an action by Poling Transportation Corp. against the United States for indemnity. The United States now moves to dismiss the second action for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and plaintiff—Poling—cross-moves to consolidate the second action with the first because of common questions. Fed.R.Civ.P. 42(a). For the reasons developed below, defendant's motion to dismiss the indemnity claim is granted; there is thus no need to rule on plaintiffs' cross-motion for consolidation.

### Facts

On February 3, 1979, Gordon Wilson injured his elbow while working a barge owned by Poling. Wilson was taken to a United States Public Health Service ("PHS") Hospital in Staten Island, N.Y. for treatment. Doctors at the PHS Hospital operated on Wilson's elbow, and damaged the ulnar nerve, leaving Wilson with a permanently damaged finger.

Wilson commenced a Jones Act action against Poling in the Southern District of New York (the "Wilson Action") to recover for the injuries incurred on the barge and in the PHS Hospital. The United States

was not named as a defendant in the Wilson Action, and the court denied Poling's motion for leave to implead the United States. The Wilson Action was thereafter settled for $150,000.00.

Wilson executed a release on February 11, 1982. The release extinguished all claims of Wilson against Poling, including claims against Poling resulting from the negligent medical treatment provided to Wilson by the PHS Hospital and its staff. Wilson expressly reserved, however, whatever right he had to seek from the United States damages caused by the PHS Hospital in excess of $150,000.00.

■ Both Wilson and Poling have now sued the United States in separate actions in this Court. Wilson's claim against the United States is based upon negligent treatment in the PHS Hospital. *Wilson v. United States*, 613 F.Supp. 1322 No. 82 CV 2631. Poling's claim is said to be for "indemnity" with respect to the sums it paid to settle the Wilson Action in the Southern District. Poling alleges that the $150,000 it paid to Wilson covered Poling's liability for its own negligence as well as the negligence of the PHS Hospital in aggravating Wilson's injuries. The United States moves to dismiss this so-called "indemnity" claim because it is in fact a claim for contribution and, as such, is barred under New York law.[1] I agree.

### Discussion

■ A duty to indemnify is created only by contract, express or implied. *McDermott v. City of New York*, 50 N.Y.2d 211, 219 n. 4, 428 N.Y.S.2d 643, 647 n. 4, 406 N.E.2d 460, 464 n. 4 (1980); *Smith v. Hooker Chemical & Plastics Corp.*, 83 A.D.2d 199, 443 N.Y.S.2d 922, 924 (4th Dep't 1981). Neither party alleges the existence of an express contract. The question, therefore, is whether a contract to indemnify may be implied.

Implied indemnity "is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party (the indemnitor) at the expense of the other (the indemnitee)." *Garrett v. Holiday Inns, Inc.*, 86 A.D.2d 469, 450 N.Y.S.2d 619, 621 (4th Dep't 1982), *aff'd*, 58 N.Y.2d 253, 460 N.Y. S.2d 774, 447 N.E.2d 717 (1983). It commonly arises in cases of vicarious liability, *id.* (citing cases), though it has also been applied in product liability cases. *McDermott v. City of New York, supra*, (third-party action by purchaser of defective product against manufacturer). *See generally* Restatement (Second) of Torts § 886B(2) (1979) (enumerating grounds for indemnity).

■ Indemnity, as distinguished from contribution, is the complete shifting of a loss from one party to another. Thus the indemnitor must pay 100% of the liability. In contribution, the parties split the liability according to their relative degrees of fault. As the New York Court of Appeals stated in *McDermott*: "[We have] often pointed to the 'fundamental distinction between contribution and indemnity.... The latter springs from a contract, express or implied, and full, not partial, reimbursement is sought.'" *McDermott v. City of New York, supra*, 50 N.Y.2d at 216, 428 N.Y.S.2d at 645–46, 406 N.E.2d at 462–63.

Poling's claim against the United States is not an indemnity claim; it is a claim for contribution. It is true that in *Musco v. Conte*, 22 A.D.2d 121, 254 N.Y.S.2d 589 (2d Dep't 1964), an accident-plus-malpractice case, the court stated that the primary tortfeasor could obtain "indemnity" from the physician who aggravated the injury. The amount of the "indemnity," however, was based upon the proportionate fault of each defendant. *Id.*, 254 N.Y.S.2d at 594. After the New York Court of Appeals decision in *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d

---

1. The right to indemnity under the Federal Tort Claims Act is governed by state law. *United States Lines, Inc. v. United States*, 470 F.2d 487, 490 (5th Cir.1972) (per curiam); *Maltais v. United States*, 439 F.Supp. 540 (S.D.N.Y.1977). Plaintiff originally sought either contribution or indemnity, but has abandoned the claim for contribution.

288 (1972), however, these claims for "partial indemnity" were recognized for what they are: claims for contribution. As such they are now governed by the rules of contribution and apportionment established by *Dole*, Article 14 of the CPLR, and Section 15–108 of the New York General Obligations Law.

There is no such doctrine as partial indemnity in New York. There is full indemnity, and there is contribution. *See Garrett v. Holiday Inns, Inc., supra,* 450 N.Y.S.2d at 621 & n. 1. The third-party action for "indemnity" in *Musco* survives today as a claim for contribution. Had the primary tortfeasor in *Musco* settled with plaintiff, his action against the hospital would be barred by New York General Obligations Law 15–108(c). Poling, having settled the Southern District action with Wilson, is barred from claiming contribution from the United States. That is the price exacted by section 15–108(c) from one who settles with the plaintiff.

Accordingly, the motion of defendant United States is granted, and Poling's complaint is dismissed.

SO ORDERED.